In the Matter of the Estate of SALVATORE CANNARIATO, Deceased.

Surrogate's Court, Kings County, May 9, 1936.

*William M. Silverman*, for the contestants on denial of probate to will and attorney for the petitioner Thomas Cannariato, temporary administrator.

*Bergner, Millendorf & Bergner*, for Lena Lomanaco, Rose Taffuri and Stephano Cannariato, children of decedent, in opposition.

WINGATE, S.  So far as the memoranda of counsel or the independent research of the court have been able to disclose, the present application is wholly unprecedented.  In it the attorney for a contestant on the probate of a will who succeeded in defeating its admission, applies for an allowance for his services under section 231-a of the Surrogate's Court Act, payable from the general assets of the estate.

Whereas authority has been conferred on the surrogate by the wording of the enactment to " direct payment  *  *  *  from the estate generally," this purely discretionary power *(Matter of Hirsch,* 154 Misc. 736, 738) has been sparingly exercised, and it has been the uniform determination of all courts that a general charge should not be imposed unless there is a clear demonstration that the services of the attorney have resulted in benefit to the estate as a whole.  (*Matter of Lounsberry,* 226 App. Div. 291, 293; *Matter of Rosenberg,* 147 Misc. 517, 521; affd., 241 App. Div. 601; affd., 265 N. Y. 521; *Matter of Frame,* 152 Misc. 475, 478; *Matter of Vorndran,* 132 id. 611, 612; *Matter of Chaves,* 143 id. 872, 873; *Matter of Conne,* 147 id. 116, 117; *Matter of Hirsch,* 154 id. 736, 739.)

No decision has been found where such general benefit was determined to have occurred in which there was not present a demonstration that the distributable assets had been increased, either by bringing additional property into the estate or by defeating a charge against assets already in the hands of the estate fiduciary.

In this regard, a differentiation must be made between a benefit to the estate, as such, and one to a particular distributee thereof.  The conception of an " estate " as a semi-entity, which was noted in *Matter of Weissman* (137 Misc. 113, 119; affd., on opinion of this court, 232 App. Div. 698), is pertinent in this connection.  This is wholly different from the aggregation of the statutory distributees who may, and frequently do, not receive any part of its assets by reason of their exhaustion in solution of the prior claims of creditors.

The estate, as such, is in no wise benefited by a determination that if its assets chance to be sufficient to satisfy prior rights, the overplus will be distributed to certain individuals instead of to others.  This is purely a controversy among those asserting a status as distributees, in which the estate or its stakeholder, the executor or administrator, is, or should be, wholly neutral.

The claim that a successful contestant on a will contest has benefited the estate by reason of destruction of an invalid will on the ground that he has thereby averted a " fraud " on the estate is as nebulous as a similar argument by a creditor who has success-

fully demonstrated the verity of his claim. In either case a purely personal right has been vindicated and in both the successful party is entitled to a certain measure of compensation for his trouble. This compensation, however, is limited to an award of statutory costs against the defeated party.

Since the present application does not seek a determination of the value of the services of the petitioner as against his client, but merely a payment from the general assets of the estate, the proceeding must be dismissed, with costs, both as a matter of law and in the discretion of the court.

Enter decree on notice in conformity herewith.