In the Matter of the Estate of FRANK H. BARKER, Late of the Town of Canton, Deceased.*

KEUKA COLLEGE and COOK ACADEMY, Claimants, Appellants; JUDSON R. HOOPER, Surviving Administrator, etc., of FRANK H. BARKER, Deceased, Respondent.

Third Department, January 14, 1937.

*Remington & Remington* [*Clarence M. Gifford* of counsel], for the appellants.

*Bowers & Heffernan* [*George H. Bowers* of counsel], for the respondent.

HILL, P. J. Appeal from a decree of the Surrogate's Court disallowing the claim of each claimant and from an order denying a motion for a new trial.

Frank H. Barker, a resident of St. Lawrence county, died intestate; administrators of his estate were appointed; the claimants Cook Academy and Keuka College each presented a claim for $3,000 against the estate. These were rejected by the administrators and a trial and determination thereof had upon the judicial settlement of the administrators' accounts. (Surr. Ct. Act, § 211.) The basis of each claim was a non-negotiable note. These were identical in form except the name of the payee.

" ENDOWMENT NOTE

" $3000.00

" CANTON, NEW YORK, *September* 18, 1919.

" For value received and as a subscription to the Endowment Fund of Cook Academy [Keuka College] located in the State of New York, we Frank H. Barker and Alice M. Barker of St. Lawrence County, New York, do promise to pay to the Trustees of said Cook Academy [Keuka College] the sum of Three Thousand Dollars. Said sum to be paid out of our estate Twelve months after our death, with interest from the date of our death at the rate of five per cent per annum if not paid when due.

" Without relief from valuation or appraisement laws, and to be used as part of the endowment fund of said institution, the principal to be maintained forever, and the interest only to be used for current expenses.

" Attest: MYRON W. HAYNES

" Signed

" FRANK H. BARKER

" ALICE M. BARKER."

Upon the trial the claimants rested after offering the notes in evidence, it having been stipulated that Mr. Ba.ker's wife, the comaker, had predeceased him, that the claimants were corporate entities, and that the signatures of decedent and his wife upon the notes were genuine.

In *Matter of Taylor* (251 N. Y. 257) executors paid two notes upon the assumption that the words "for value received" implied consideration. The surrogate decided that the evidence offered by the objectors did not overcome the presumption of consideration arising from the words and that the payment of the notes by the representatives of the estate placed the burden upon the objectors to prove illegality of payment. (Surr. Ct. Act, § 210.) This was affirmed by the Appellate Division (225 App. Div. 711), but reversed by the Court of Appeals, the opinion in that court stating as a final conclusion (p. 264): "The appellant [objector] should have an opportunity to offer evidence of lack of consideration to rebut the presumption arising from the words 'for value received.'" Evidence of that character had been excluded. The opinion also discusses the inference generally to be drawn from the words "value received" in a note which upon its face indicates that it is a charitable subscription. "The instrument is equivocal in form. The inference of consideration from the recital of value received is in these circumstances slight. Possibly it may be effectually repelled by evidence of the circumstances surrounding the giving of the note. (*Dodge* v. *Pond, supra.*)*" (p. 263). "As the evidence of the notes themselves is not of sufficient weight and character conclusively to establish their validity, the question remains as to the duty of the executors to investigate before paying." (*Dodge* v. *Pond* (23 N. Y. 69, 78), cited in the opinion, held a "note to be void" where the only evidence of consideration was the words "for value received," and *Dougherty* v. *Salt* (227 N. Y. 200, 202), also cited in the *Taylor* opinion, quoted from earlier cases the doctrine "nothing is consideration that is not regarded as such by both parties" (p. 202), and held to be void a note containing the words "for value received" for the reason that the facts connected with its making disclosed a gift and no consideration. (*Presbyterian Church of Albany* v. *Cooper*, 112 N. Y. 517; *Keuka College* v. *Ray*, 167 id. 96.)

I believe that upon the record presented the surrogate was justified, under the authorities, in rejecting the notes. Their form disclosing them to be charitable subscriptions, there was no inference of consideration to be drawn from the words "for value

---

* 23 N. Y. 69.

received." The claimants had the burden to establish consideration and they offered no evidence.

Upon the motion made by appellants for "leave to reopen the proceedings herein for the purpose of presenting other and additional proof of their respective claims," affidavits were presented, one by the attorney for the claimants, another by Loomis, a member of the faculty and treasurer of Keuka College, and a third by Cate, headmaster of Cook Academy. These state concerning the trial, after offering the notes in evidence, "that claimants thereupon rested and relied upon the recitation in said notes that they had been given ' for value received,' " also " That while claimants were prepared with other evidence of consideration and with evidence which deponent believes is sufficient to bring these notes within the cases in which similar notes to charitable institutions have been enforced by the courts of this State, counsel for the claimants wished to rely upon the presumption which they believed was raised by the use of the words ' for value received ' in these notes, and not submit other evidence of consideration until after a ruling upon that legal proposition," and further, " That these notes were delivered to the Baptist Missionary Convention of the State of New York under the trust agreement made with it by the claimants, and these notes thus were accepted by the respective claimants upon the conditions implied in them, and by this publicity and by this acceptance undertook to commence performance on their part of the obligations imposed upon them by the notes to perpetuate in memorial form the names of the makers and did so do in so far as they were able and required prior to the actual receipt of the moneys promised." From appellants' brief, but not from the record, information is gained that on the back of the Cook Academy note it is written, " The amount given within is given as a memorial to Frank H. Barker, to be held forever and administered in his name. The interest may be used to aid worthy young men who are preparing for a Christian service. Where there are no young men in the school needing such aid, the interest may be used for the general work of the school," and that a like writing appears on the back of the Keuka College note except that the name Alice M. Barker is substituted for that of her husband and the aid is to be given to young women. There is no suggestion, either in the brief or in the record, as to the manner in which these writings or indorsements came to be placed upon the back of the notes, and it does not appear that the statements are signed by any person. It is possible that in view of the holding in *Allegheny College* v. *Nat. Chautauqua County Bank* (246 N. Y. 369) this evidence might change the result. The power of the surrogate as to this

motion is "to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." (Surr. Ct. Act, § 20, subd. 6.) There being no charge of fraud or claim that there was clerical error in the decree, this application is for a new trial on the ground of "newly discovered evidence * * * or other sufficient cause." The face of each of the notes was introduced in evidence on the trial. The indorsement upon the back of each was known to the attorney for the claimants, for upon the trial the following occurred: "By the Court: You are offering these two papers being designated an endowment note on one side and then there's some writing on the back. By Attorney: I am offering the face of the notes." There can be no claim that the indorsements, the balance sheets taken from claimants' books or the historical facts as to the institutions is newly-discovered evidence. Thus if this new trial be granted, it must be under that portion of section 20 of the Surrogate's Court Act which permits a new trial for "other sufficient cause." "This is the only section of the Surrogate's Court Act furnishing direct authorization to disturb decrees, and it has been frequently held that the section may be invoked only in instances of fraud, clerical error or newly-discovered evidence, the words 'or other sufficient cause' meaning 'cause' ejusdem generis." (Matter of Droney, 231 App. Div. 674, 676.) Appellants' position is that they desired to obtain a decree determining that the words "for value received" were sufficient to show consideration, but if the surrogate held against them upon the trial where such an issue was litigated, they then wished to try the cases upon a different theory, and argue that such a desire is a "sufficient cause" for a new trial. That cause is not for the same general kind as "fraud, newly discovered evidence or clerical error." In Matter of Brennan (251 N. Y. 39) a motion was made in Surrogate's Court for a new hearing to permit the introduction of a lease in evidence. The opinion states, "The inquiry must, therefore, be directed to the question whether, upon the introduction of such a document as was at all times available but theretofore withheld, a court of general jurisdiction may consider such evidence 'sufficient cause' to warrant a modification or vacatur of its own judgment or order and is empowered to reconsider, set aside and reverse it. We think that no court has such power. None of the reported cases recognize it and, on principle, it cannot be held to exist. * * * Section 20 vests him [the surrogate] with jurisdiction to modify or vacate only in respect to the things specified in that statute and for causes of a like nature" (pp. 41, 42, 43), citing Matter of Hawley (100 N. Y. 206, 211); Matter of Henderson (157 id. 423).

" Parties are supposed to prepare their cases for trial. If they fail so to do and are defeated, they are not entitled to another trial. They have no one except themselves to blame for the result. There should be some end to litigation. The Constitution gives to all litigants their day in court, and a fair and impartial trial, but it does not assure them two days in court." (*Collins* v. *Central Trust Co. of Rochester*, 226 App. Div. 486, 488.)

The decree and order should be affirmed, with costs.

McNAMEE, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents, with an opinion.

RHODES, J. (dissenting). I dissent from the prevailing opinion in so far as it holds that there was no inference of consideration to be drawn from the notes themselves.

I concur in the opinion in so far as it holds that the order denying claimants' right to reopen was properly made.

Although the notes in question are non-negotiable they recite that they are for value received, which constitutes an admission that they were issued for a sufficient consideration. (*Prindle* v. *Caruthers*, 15 N. Y. 425; *Owens* v. *Blackburn No. 1*, 161 App. Div. 827, and cases cited therein; *Strickland* v. *Henry*, 175 N. Y. 372.)

It is true that in the case of *Dodge* v. *Pond* (23 N. Y. 69) it was held that the note there in question was void for lack of consideration, even though it recited that it was for value received, but the writing accompanying the note and of which it was a part, established beyond question that the note was simply a gift.

In *Matter of Taylor* (251 N. Y. 257) notes had been given by decedent to different churches, payable at her decease and reciting that they were for value received. The court held that although the inference of consideration from the recital of value, under the circumstances, was slight, nevertheless it did say that the words value received *prima facie* imply consideration.

In so far as the decree dismisses the claims of appellants it should be reversed, and judgment directed for the claimants.

Order and decree affirmed, with costs to the respondent payable out of the estate.