In the Matter of the Estate of ELEANOR S. CONOLLY, Deceased. ELEANOR S. HART, an Infant, by Gladys Hart, Her General Guardian, Appellant; GLENN L. BUCK, as Special Guardian of Eleanor S. Hart, Respondent.

Fourth Department, June 16, 1943.

*Arthur VD. Chamberlain* for appellant.

*Glenn L. Buck,* special guardian, respondent in person.

CROSBY, P. J. Gladys Hart, as general guardian of Eleanor Silsby Hart, an infant, appeals from an order of the Surrogate's Court of Monroe County, which order denied appellant's application to reopen and vacate a former order making an allowance of $600 to Glenn L. Buck who was appointed a special guardian for said infant in a proceeding for the probate of the will of Eleanor S. Conolly, the decedent herein.

The will of Eleanor S. Conolly was offered for probate in the Surrogate's Court of Monroe County. She left her surviving a son and a daughter, and the infant Eleanor Silsby Hart who was a daughter of a deceased son of the testatrix. These three were the only heirs of the testatrix. The infant was given nothing by the will. Glenn L. Buck, the respondent, was appointed special guardian for the infant, and threatened a contest of the will, when it was discovered that the estate of Eleanor S. Conolly was practically insolvent. Therefore the infant had little or no prospect of receiving any benefit from the estate, even if the will should be defeated, and no prospect if the will should be probated.

In that situation the special guardian, by commendable diligence, discovered that the infant had a substantial interest in a trust fund in an estate which was being administered in Seneca County. This was the estate of Horace Silsby. The guardian also discovered that, upon the happening of a very remote contingency, the details of which are not here important, the estate of this decedent, Eleanor S. Conolly, would also come into the ownership of a substantial sum from the Horace Silsby estate. Thereupon the special guardian secured from the interested parties an agreement in writing by which, among other things, the sole beneficiary under the will of the decedent, Eleanor S. Conolly, agreed that in case the estate of Eleanor S. Conolly should come into the ownership of the contingent interest in the estate of Horace Silsby the infant was to be paid one third thereof as a consideration for the special guardian's withdrawal of his contest to the will of decedent.

Incorporated into the decree of probate was an approval of the contract by the Surrogate. The Surrogate also allowed the special guardian for his services to the infant, $600 to be paid out of the infant's present interest in the Horace Silsby estate.

The appellant would not complain had the allowance been ordered to be paid out of any money that might come to the infant by reason of the contract which the special guardian negotiated. Appellant argues that, since the benefit to the infant, under the contract, depends upon the happening of a remote contingency, the guardian's allowance should depend upon the same remote contingency. The Surrogate decided otherwise, and an appeal was taken from the decision, as we are informed by the briefs. That appeal was abandoned and was dismissed, upon stipulation.

The present appeal is from an order of the Surrogate's Court refusing to reopen and vacate the order making the allowance to the special guardian out of the infant's present interest in the Horace Silsby estate.

Section 280 of the Surrogate's Court Act provides as follows:

" Compensation of special guardian. A special guardian for an infant or incompetent shall receive a reasonable compensation for his services to be fixed by the Surrogate, payable from the estate or fund, or from the interest of the ward therein, or from both in such proportion as the Surrogate may direct."

Here we have no estate, and the infant has no interest in the estate, excepting an interest in funds that, in a remote contingency, may come from an entirely different estate, administered in another county.

The Surrogate denied the application to reopen and reconsider on the ground, as we gather from the opinion, that where the special guardian performs services in an estate where there are no funds, his allowance may be made out of property of the infant entirely unconnected with the proceeding in which the services are performed.

We find it unnecessary to decide whether or not the allowance can be made in that manner. The Surrogate decided that it could be, and there is no appeal from his order. The appeal is from the order refusing to reopen the order and to make a contrary decision.

Section 20, subdivision 6, of the Surrogate's Court Act provides as follows: " A surrogate  *  *  *  has power:  *  *  * 6. To open, vacate, modify, or set aside  *  *  *  a decree or order of his court  *  *  *  or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause."

The phrase " or other sufficient cause " is held to mean cause of like nature with those specifically mentioned, that is to say " cause " ejusdem generis. (Matter of Barker, 249 App. Div. 336, 340.)

In the present case there was no fraud or clerical error. It is not a matter of newly discovered evidence. No questions of fact are, or ever were, in the case.

If appellant is correct in her contention, the Surrogate made a mistake of law.

" The subdivision [§ 20, subd. 6, of Surrogate's Court Act] does not reach mistakes of law. They may be corrected only by appeal." (Matter of Droney, 231 App. Div. 674, at p. 676, and cases there cited.)

Although the Surrogate denied the motion to reopen and vacate the order previously granted on the ground that his order was correct, we, without deciding that question, hold that he lacked power to grant the motion, and that, for that reason, the order appealed from should be affirmed, without costs of this appeal to any party.

All concur, except TAYLOR and DOWLING, JJ., who dissent and vote for reversal of the order and for granting the motion. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order affirmed, without costs of this appeal to any party.