In the Matter of the Accounting of FIRST BANK & TRUST COMPANY OF UTICA, as Administrator C. T. A. of CHARLES A. NELSON, Deceased, Appellant. FRANCES NELSON et al., Respondents.— Decree modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: The appellant, by petition dated June 27, 1947, sought to amend and correct the final account of its proceedings as administrator *c. t. a.* and to open, vacate and set aside the decree of November 18, 1930, on

the grounds of mistake and error. The application was made pursuant to subdivision 6 of section 20 of the Surrogate's Court Act. It was claimed that " through mistake or as a result of clerical error or other error ", the account and the decree charged the appellant with the value of certain assets at the inventory valuation of $54,750.24 whereas, as appellant contends, it should have only been charged with the fair market value as of the date of the accounting in the sum of $40,565.63. The appellant did not, on the 1930 accounting, ask to be credited with any depreciation in the value of the securities. It was awarded and it took and retained its commissions based upon the inventory values. There was no mistake or any clerical error, as we view it, which would warrant the surrogate in vacating and setting aside the decree settling the account. The figures used were the correct figures taken from the bank's own records. The appellant had full knowledge of all the facts. It prepared its own account for judicial settlement. If there was any error of judgment or mistake as to its legal rights, such was an error of law and not within the purview of subdivision 6 of section 20 of the Surrogate's Court Act and not sufficient ground for setting aside and vacating the decree. There was no fraud, newly discovered evidence, clerical error or other sufficient cause. (*Matter of Watts,* 20 N. Y. S. 63; *Matter of Conolly,* 266 App. Div. 333.) The appellant at the time of the 1930 accounting, chose not to ask credit for any depreciation in values of the assets here involved. It is now bound by the decree. It is also guilty of laches in waiting for seventeen years to make the application while, during all that time, it was in full possession of the facts. The answers interposed by the respondents seek by counter petitions affirmative relief to the effect that it be adjudged that the appellant, as trustee, is chargeable with having received cash in the amount of $57,348.52. The decree before us has so adjudged. This proceeding was to open and vacate the decree made upon the accounting of the appellant, as administrator *c. t. a.* The account of the appellant, as trustee, and any objections thereto were not before the surrogate and are not before us. To construe and interpret the legal effect of the decree of 1930, in this proceeding, as to what the appellant shall be chargeable with, upon its accounting as trustee, is premature. Any determination as to that should be made when the appellant accounts as trustee. The account and objections thereto, if any, at that time will determine what evidence will be admissible. The reservation by the Surrogate's Court of the matter of costs and allowances for further consideration was proper. The decree should be modified by deleting therefrom the second decretal clause and as so modified, affirmed, without costs to any party. The counter petitions of the respondents set forth in their answers should be dismissed. All concur, except Larkin, J., who dissents and votes to open the 1930 decree for the purpose of correcting the account by showing the true value of the securities taken over by the trustee. (The decree dismisses a petition in a proceeding to correct and amend a final accounting.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.