In the Matter of the Probate of the Will of JOSEPH BURK, Deceased. CHARLES E. DUROSS, JR., as Administrator of the Estate of JOSEPH BURK, Deceased, et al., Appellants; RITA FARRELL, as Special Guardian for CHARLES BERK, an Incompetent, Respondent.

First Department, October 28, 1958.

*Samuel Weisman* of counsel (*Samuel Weisman, Everett Frooks* and *George Kent Weldon,* attorneys), for appellants.

*Rita Farrell,* as special guardian, respondent in person.

*Per Curiam.* On this appeal the appellants challenge as unreasonable and excessive the allowance to the special guardian for the incompetent provided for in the resettled supplemental decree herein. The approximate net estate is $75,000. The incompetent is entitled to 1/15 of the net estate and the approximate value thereof is $5,000. Allowances to counsel for the various interested parties, exclusive of the special guardian, aggregate $19,500; $18,000 is payable out of the estate, and $1,500 is payable out of the incompetent's interest therein. The value of the incompetent's interest in the estate is not more than $3,500. The special guardian requested $6,000 and the Surrogate awarded her the sum of $4,000, payable out of the estate.

The respondent was designated on March 7, 1957, to receive the citation herein on behalf of the incompetent and was appointed and qualified as special guardian on May 7, 1957; on November 7, 1957, she filed objections to two wills offered

for probate dated, respectively, October 30, 1942 and January 2, 1951. Substantially all of the services of the special guardian were rendered in proceedings pertaining to the will dated January 2, 1951.

Under the decree, consequent on a compromise, the estate is distributable one third to Charles E. Duross, Jr., and Neil B. Duross, one third to Dorothy Frooks, and the remaining one third to the Burk family. Throughout the proceedings the Burk family, other than the incompetent, was represented by an attorney, and the distributees Duross and Frooks were represented by their attorneys. The interests of the parties Duross and Burk, in respect of the issues pertaining to the will of January 2, 1951, coincided with the incompetent's.

Until the trial of the framed issues relating to the will of January 2, 1951, the incompetent was represented by the Attorney-General of the State of New York and the special guardian. Shortly before the trial the committee for the incompetent, who had been appointed and had qualified some years before, applied for and secured counsel to represent him on the trial of said issues and the proceedings thereafter. It appears, therefore, that the incompetent, immediately prior to the trial and thereafter, was represented by the Attorney-General of the State of New York, the special guardian and the attorney for the committee.

A special guardian may receive reasonable compensation for his services payable from the estate or the interest of his ward, or from both, in such proportion as the Surrogate may direct (Surrogate's Ct. Act, § 280). The value of said services, however, is governed by the criteria applicable to the determination of the value of legal services. (*Randall* v. *Packard,* 142 N. Y. 47; *Matter of Potts,* 213 App. Div. 59, 62; *Matter of Stevens,* 114 App. Div. 607; 6 Jessup-Redfield Law and Practice in the Surrogates' Courts [rev. ed.], § 5415; cf. Surrogate's Ct. Rules, N. Y. County, rule XVI.) The relevant factors are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved. The record leaves much to be desired regarding the actual time spent and the nature and extent of the services rendered by the respondent. The issues were not complicated; the next of kin receiving four times the share of the incompetent were represented by their attorney and aligned with the incompetent in respect of the issues. No proceedings were initiated by the respondent and it does not appear that the compromise was brought about through her efforts.

The allowances aggregating $18,000 made by the Surrogate to other counsel are adverted to by the respondent as a measure of the value of the services rendered by her. Neither the reasonableness nor the propriety of the allowances to other counsel is before us at this time and such allowances may not be used as a measure in evaluating respondent's services.

We have had occasion to state that the discretion vested in the Surrogate to grant an allowance to a special guardian payable out of the estate should be exercised conservatively. "In any case since the discretion vested in the surrogate in this regard is so very wide, its exercise should be correspondingly conservative, and the amounts to be awarded should depend at least as much upon the value of the services rendered as upon the size of the estate." (*Matter of Thaw,* 182 App. Div. 368, 376.)

The value of the incompetent's interest in this estate was relatively small and, giving effect to the relevant factors, we are of the opinion that the reasonable value of the services rendered by the special guardian for and on behalf of the incompetent does not exceed the sum of $1,500, and that the allowance in excess thereof is so excessive and unreasonable as to constitute an abuse of discretion. (*Matter of Staiger,* 249 N. Y. 229, 235; *Matter of Stevens, supra,* pp. 613–614; *Matter of Thaw, supra.*)

Under the circumstances here present, the direction for payment of said allowance out of the estate was proper. (*Livingston* v. *Ward,* 248 N. Y. 193, 195–196; *Matter of Thaw, supra; Matter of Niedelman,* 6 A D 2d 291, 296; Surrogate's Ct. Act, § 280.)

The resettled supplemental decree should be modified, on the law and the facts and in the exercise of discretion, by deleting from the decretal paragraph the sum of $4,000 and substituting in lieu thereof the sum of $1,500, and, as so modified, affirmed, without costs.

Botein, P. J., M. M. Frank, McNally, Stevens and Bastow, JJ., concur.

Resettled supplemental decree appealed from unanimously modified, on the law and on the facts, and in the exercise of discretion, by deleting from the decretal paragraph the sum of $4,000 and substituting in lieu thereof the sum of $1,500, and, as so modified, affirmed, without costs.