Francis X. Tucker, S.
This is an application under section 278 of the Surrogate’s Court Act for an additional allowance to the special guardian for legal fees incurred upon an appeal taken by the executor from the order of the Surrogate, dated July 2, 1963, fixing the guardian’s allowance for services performed on behalf of the heirs of Harvey C. Locke. On the appeal the Appellate Division unanimously affirmed the allowance and granted costs to the special guardian as respondent.
The pertinent language of section 278 of the Surrogate’s Court Act reads as follows: “ When the decree is made after appeal, pursuant to the direction of the appellate court, the surrogate may, in his discretion, allow to an executor, administrator, guardian or trustee such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred on such appeal.”
*1039 The allowance of costs by the Appellate Division does not limit the Surrogate in his discretionary power to make allowances for counsel fees under section 278 of the Surrogate’s Court Act. (See Matter of Walters, 285 N. Y. 412.) This discretionary power is clearly set forth in section 278. However, the allowance to the guardian as contemplated by this section is an allowance for his counsel fees and expenses necessarily incurred on an appeal concerning a matter in which he is representing the interest of the person or persons for whom he was appointed. In the instant case, the special guardian had succeeded in locating the distributee of the deceased and she had retained counsel of her own choice. When it became apparent that certain other leads developed by the special guardian would not be fruitful, he was discharged from further duty and an allowance made for his services and disbursements. This was done by the order dated July 2, 1963, and an appeal was taken from this order. The services rendered by the special guardian subsequent to that date were only beneficial to himself. Therefore, the Surrogate has no discretionary authority to make an additional allowance.
The special guardian cites as an authority for the allowance requested the provision in a supplemental decree, dated August 12, 1963, which provided the following: ‘ ‘ ordered, that the fixation of an allowance for counsel fees and costs on appeal herein be and the same hereby are reserved for inclusion in a supplemental decree upon proper application to this Court after final determination of the appeal herein.”
This decree was presented on notice to the attorney for the executor, however, this issue was not argued. The clear inference to be drawn from that decree is that the issue was reserved pending the outcome of the appeal and is properly raised at this time.