■ In the Matter of the Probate of the Will of HARVEY C. LOCKE, Deceased. PHILIP KORN, as Executor of HARVEY C. LOCKE, Deceased, Respondent; CHARLES H. GAFFNEY, as Special Guardian, Appellant.— TAYLOR, J. In a probate proceeding appellant was appointed special guardian for unknown persons (Surrogate's Ct. Act, § 64). Through his investigative efforts, enterprisingly conducted, a daughter of the deceased was identified and her whereabouts ascertained. She has appeared in the proceeding by counsel of her choice. An allowance in the sum of $15,761.19 was made by the Surrogate for the services performed and disbursements incurred. Upon appeal to this court by the executor on the ground of excessiveness we affirmed (20 A D 2d 627). Thereafter petitioner initiated this proceeding in which he requested an additional allowance payable from the estate for counsel fees incurred in sustaining the order of the Surrogate fixing his compensation. Holding that there is no statutory justification for the grant of the award sought the Surrogate denied the application. This appeal followed. Appellant contends that section 278 of the Surrogate's Court Act which regulates some phases of the subject of costs confers discretionary authority on a Surrogate to make the requested allowance. The section in pertinent part provides: "When the decree is made after appeal, pursuant to the direction of the appellate court, the surrogate may, in his discretion, allow to an executor, administrator, guardian or trustee such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred on such appeal." We agree with the construction given the statute by the court below. The appellate services were rendered after petitioner's duties as guardian had been fully acquitted and the specific purpose for which he was appointed sufficed. In this context of their rendition it is apparent that they redounded to no benefit or advantage to persons interested in the estate and were of no assistance to the court in the conduct of its administration but were motivated solely, but of course not improperly, by self-interest. To

extend the statute's indemnificatory principle to the court-appointed fiduciary in these circumstances would contravene the traditional concepts underlying grants of allowance in proceedings in Surrogates' Courts. (See *Matter of Rosenberg,* 147 Misc. 517, 521, affd. 241 App. Div. 601, affd. 265 N. Y. 521; *Matter of Cannariato,* 159 Misc. 409, 410; *Matter of Lyons,* 160 Misc. 429.) We think that the Legislature did not so intend. Order affirmed, with costs to each party filing brief payable from the estate. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur. [41 Misc 2d 1038.]