■ GERALDINE M. PARKER et al., Plaintiffs, v J. RUSSELL ROGERSON, Individually, and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Respondents-Appellants, and MANUFACTURERS HANOVER TRUST COMPANY, Individually and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, Appellant-Respondent.—Order and judgment unanimously affirmed, without costs. Memorandum: These are cross appeals from an order of Supreme Court awarding counsel fees to attorneys for Manufacturers Hanover Bank (hereafter "Hanover"), executor of the estate of Geraldine G. Bellinger, as a surcharge against its former coexecutor Rogerson, the respondent-appellant. Hanover claims that the award was inadequate; Rogerson claims that the portion of the award which represented counsel fees for litigating the claim was improperly included. The matter herein was remitted by this court for a hearing to determine what portion of Hanover's counsel fees were chargeable to Rogerson, limited to the amount allocable to Hanover's prosecution of its cross claim against Rogerson for fiduciary misconduct. *(Parker v Rogerson,* 49 AD2d 689.) Hanover claimed it was entitled to surcharge Rogerson in the amount of $348,583.79. The court awarded $37,500, which included $12,500 for expenses, $5,000 for attorneys' fees incurred in bringing on the remission and conducting the hearing, and $20,000 in legal fees for prosecuting the cross claim against Rogerson. The trial court, the Surrogate of Chautauqua County and this court have previously found that the recovery by the estate of the assets diverted by Rogerson was due to the energetic efforts of attorneys for the legatees and that the efforts of attorneys for Hanover were devoted primarily to defense of the bank on the charge of negligence *(Matter of Bellinger,* 55 AD2d 448). In discussing the evidence at the hearing, the court found that Hanover had not established which portion of time was allocable to its defense and which to prosecution of the cross claim. Consequently, the court made an award based on its own experience during trial of the matter, its knowledge of the background of the case, the amount and duplication of legal efforts, the standing of counsel in the profession and customary fees

charged. That determination is supportable on the record. Rogerson opposes the award of the $5,000 fee which represents the cost of litigating the claim for the fee, and submits as authority *Matter of Locke* (21 AD2d 958); *Matter of Schmitt* (65 Misc 2d 1021); and *Matter of Norton* (139 Misc 487). In each of those cases the Surrogate denied attorneys' fees for litigating a fee when the application was for reimbursement from the estate. Where, as here, the charge sought to be made is not against the estate but against an errant cofiduciary, those cases are not controlling, and the award was properly within the discretion of the court. (Appeal from order and judgment of Erie Supreme Court—attorneys' fees.) Present—Cardamone, J. P., Hancock, Denman, Goldman and Witmer, JJ.