OPINION OF THE COURT
C. Raymond Radigan, J.
In these proceedings the court is requested to fix the fee of the guardian ad litem based on a hearing and exhibits submitted to the court. The guardian ad litem represented the decedent’s incarcerated husband. The estate brought on a proceeding to determine who was entitled to proceeds from a sale of a certain condominium and made the surviving spouse a respondent to the proceedings. The estate contended that the proceeds belonged to the estate, while the guardian ad litem took the position that the funds belonged to his ward. After a hearing the court rendered a decision finding for the estate. A decree was signed and an award for legal services was made for the guardian ad litem. The guardian ad litem appealed on the issue of entitlement to the funds, and the Appellate Division affirmed, without costs and disbursements.
Even where a guardian ad litem is not successful on appeal the court can still make an allowance for services rendered (Matter of Conolly, 266 App Div 333, mot for lv to app den 291 NY 659; Matter of Steinberg, NYLJ, Oct. 16, 1979, p 7, col 5; Matter of Betz, 152 Misc 426). In addition the court may fix a fee for a guardian ad litem for services *613 necessarily expended on an appeal even where the Appellate Division does not allow costs or disbursements (see Matter of Locke, 41 Misc 2d 1038, affd 21 AD2d 958). However, disbursements will in its discretion not be granted (Wood v Wood, 23 AD2d 838; cf. CPLR 8301, subd [c]).
While neither the fiduciary nor his attorneys interposed any reply to the guardian ad litem’s motion for the additional fee for services rendered in the appeal, it is their position that any further fixation of fees or allowances to the guardian ad litem should be paid by the decedent’s surviving spouse from his independent resources. SCPA 405 provides for the compensation of guardians ad litem and directs that the court fix the fee against either the general assets of the estate or the interest of the ward, or both. There is no authority for the court to direct that the payment be paid independently by a respondent where he was made a party to the proceeding, and the court appointed a guardian ad litem on his behalf (see Matter of Mark V, 80 Misc 2d 986; 1B Warren’s Heaton Surrogates’ Courts, §82, par 3[b]). The McKinney’s annotation to SCPA 405 (McKinney’s Cons Laws of NY, Book 58a, SCPA 405, Notes of Decisions, n 2, p 406) cites Matter of Conolly (supra) indicating that the court could make such an allowance. A reading of that case indicates that the Appellate Division did not pass on that issue, and the court finds it can only make an award pursuant to the strict interpretation of SCPA 405.
The court has carefully reviewed the merits of the guardian ad litem proceeding with an appeal, and taking into consideration all of the factors (Matter of Burk, 6 AD2d 429) fixes the guardian ad litem’s fee in the amount of $3,000 to be paid out of the general assets of the estate since the surviving spouse does not have any interest in the estate.