Matter of McCormack (2019 NY Slip Op 00407)





Matter of McCormack


2019 NY Slip Op 00407


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Kern, Singh, Moulton, JJ.


8188N File 5053D/82

[*1] In re Ann C. McCormack by her Special Guardian and Attorney-in-Fact Carol Bamonte, concerning the Estate of Kathleen Durst, Absentee and Alleged Deceased.
Carol M. Bamonte, as Executor of the Estate of Ann C. McCormack, Petitioner-Appellant,
v
Robert Durst, Respondent. Charles Capetanakis, Nonparty Respondent.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara Wolf & Carone, LLP, New York (Robert Abrams of counsel), for appellant.
Davidoff Hucher & Citron LLP, New York (Charles Capetanakis of counsel), for Charles Capetanakis, nonparty respondent.



Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about October 4, 2017, insofar as it denied petitioner's application for the recusal of Surrogate Anderson, directed that "Petitioner's Personal Representative" pay the fees of Charles Capetanakis, Esq., the guardian ad litem (GAL), and denied petitioner's application for reimbursement by the GAL of her attorneys' fees and expenses, unanimously modified, on the law, to the extent of remanding the matter to the Surrogate for an explanation of her reasons for the amount of the GAL fee award and directing that the GAL's fees be paid by the Estate of Kathleen Durst, and otherwise affirmed, without costs.
Petitioner failed to demonstrate that Surrogate Anderson improvidently exercised her discretion in refusing to recuse herself (see Wong v 2669 Owners Ltd., 126 AD3d 451 [1st Dept 2015]). As the Surrogate found, 22 NYCRR 151.1 does not require her recusal based on contributions made by the GAL's wife or law firm to the Surrogate's 2008 campaign. Moreover, there is no evidence that the contributions played any role in her determinations. There is also no evidence that, at the time the GAL was appointed, the Surrogate was aware of the relationship between his firm and the firm of one of respondent's attorneys, Steven I. Holm. In any event, the relationship was too attenuated to demonstrate that the GAL breached his fiduciary duty to Kathleen Durst in connection with the preparation of his report or recommendation regarding the date of her death.
On the current record, we cannot determine whether the amount of the fee the Surrogate awarded to the GAL was "reasonable compensation" (SCPA 405[1]). The Surrogate has the sole discretion to award the GAL "reasonable compensation for his services" (Matter of Burk, 6 AD2d 429, 430 [1st Dept 1958]). This determination is governed by several criteria, including "the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved" (id.). The Surrogate "must provide a concise but clear explanation of [her] reasons for the fee award, or lack thereof" (Matter of Moriarty, 119 AD3d 445, 445 [1st Dept 2014] [internal quotation marks [*2]omitted]; see also Matter of Hultay [Ronald P.S.], 136 AD3d 572, 573 [1st Dept 2016] [holding that "proper appellate review" cannot take place if the court "failed to give a reason" for its fee award]).
Here, the Surrogate failed to provide her reasoning for the amount of the fee she awarded to the GAL. As a result, there is an insufficient record for appellate review. Accordingly, the matter is remanded to the Surrogate for a "concise but clear" explanation of her reasons for the amount of the fee award. The Surrogate's explanation should discuss the factors she considered when determining the amount that she awarded to the GAL.
Finally, without a showing of "good cause," or indeed a discussion of the issue (see SCPA 405[1]), the Surrogate improperly directed that the GAL's fee be paid by petitioner's personal representative, rather than by the Estate of Kathleen Durst, which benefitted from the appointment. The appointment of the GAL did not result from any conduct of petitioner or her personal representative.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK