In the Matter of the Judicial Settlement of the Estate of Sarah O. Lounsberry, Deceased.

Cassie V. Conley and Wilbur F. Knapp, Appellants; Rilla Diven and Another, Respondents.

Fourth Department, May 8, 1929.

*Harry H. Hays* [*Michael Danaher* of counsel], for the appellant Cassie V. Conley.

*Cole & Knapp* [*Wilbur F. Knapp* of counsel], for the respondents Rilla Diven and Susie Tyler.

*Floyd W. Annabel,* for the executor Lincoln I. Lounsberry.

CROSBY, J. Testatrix, in her lifetime, owned certain bank accounts represented by certificates of deposit payable to herself. These her daughter Cassie V. Brennan claimed by a gift from testatrix made three days before the latter's death. Certain legatees brought appropriate proceedings in Surrogate's Court to compel the restoration of these certificates, and the avails of such as had been cashed by Mrs. Brennan, to the estate.

There was also one deposit of $1,398.91, which, when first deposited, on November 1, 1920, was represented by a certificate of deposit issued to testatrix and her daughter Cassie in this form: " Mrs. Sarah O. Lounsberry and Cassie V. Brennan have deposited in this bank, payable to the order of either one or the survivor, $1398.91," etc. Approximately every six months this amount was redeposited, after drawing the interest. These withdrawals and redeposits were made by the daughter, Cassie V. Brennan, under the directions of testatrix. Six successive certificates of deposit,

representing this fund of $1,398.91, were, like the first one, payable by their terms to testatrix and her daughter Cassie "Either one or the survivor." Then follows one in which the words "or the survivor" are omitted, the fund being payable, by the terms of the certificate, to "either one." The eighth certificate in the series returns to the words "either one or the survivor;" and the ninth and tenth again omit the words "or the survivor."

The daughter claimed all of these certificates; the one last mentioned as well as those first mentioned, which were never, by their terms, payable to any one but the testatrix. The claim was based upon the alleged gift from testatrix in her lifetime. The surrogate found that a gift had not been proven by the clear and convincing proof required in such cases. This court agrees with the surrogate in that respect, and we affirm the surrogate's decree in so far as it awarded to the estate the proceeds of all the certificates that were, by their terms, made payable to testatrix individually.

But as to the $1,398.91 certificate we think the surrogate was in error in awarding half thereof to the estate. It should all have been awarded to Cassie V. Brennan. The two women lived together alone on the farm belonging to testatrix; they worked the farm together; the money came from the proceeds of the farm; there is some evidence that testatrix said that she wished her daughter to have the proceeds of this certificate; seven of the ten certificates representing this fund were so worded that, under section 148 of the Banking Law, the deposit would have gone to the survivor anyway, without any proof of the intention of the parties. We think that, from the whole case, the unvarying intention of testatrix that this $1,398.91 should go to her daughter Cassie is apparent. Effect must be given to the form of the deposit as originally made, and the minor changes in the wording of some later certificates disregarded as not in accordance with the purpose of deceased. (*Havens* v. *Havens*; 126 Misc. 155; affd., 215 App. Div. 756; *Matter of Marshall* v. *Marshall*, 217 id. 229, 232.)

The legatees who assumed the burden of compelling the daughter to restore to the estate the proceeds of the first mentioned certificates of deposit employed an attorney who asked for a $400 allowance for his services. The surrogate made a finding that such services were worth $400 and that the services benefited the estate, but disallowed the claim upon the theory that the surrogate lacked power to make the allowance. We think it should have been allowed. (Surrogate's Court Act, § 231-a, as added by Laws of 1923, chap. 526; *Matter of Buttner*, 215 App. Div. 62.)

The decree of the surrogate should be modified by awarding to

Cassie V. Brennan the entire proceeds of the $1,398.91 certificate of deposit, and as so modified affirmed, without costs of this appeal to any party.

The order of the surrogate denying attorney Knapp's allowance of four hundred dollars should be reversed, with ten dollars costs and disbursements out of the estate; and his motion for such allowance granted, with ten dollars costs and disbursements out of the estate.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMP-SON and CROSBY, JJ.

On first appeal: Decree modified in accordance with the opinion, and as modified affirmed, without costs of this appeal to either party.

On second appeal: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.