In the Matter of the Estate of CAROLINE W. FRAME, Deceased.

Surrogate's Court, New York County, July 26, 1934.

*Esselstyn & Haughwout* [*J. A. Haughwout* of counsel], for the executors.

*Julius Henry Cohen* and *Burton A. Zorn* of counsel for the executors on the petition to fix amount of attorneys' fees, and on the objection to the payment of attorneys' fees to Esselstyn & Haughwout and Julius Henry Cohen.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for Central Hanover Bank and Trust Company, executor.

*Herbert P. Queal* [*Henry W. Jessup* and *John A. V. Murphy* of counsel], for Emlen P. Frame and Bertha F. Mason, objectants.

*George C. Franciscus* [*Paul Crosney* of counsel], for Genevieve S. Waddell, objectant.

*Emmet, Marvin & Martin* [*Thomas B. Fenlon* of counsel], for John Mason, Jr., Margaret P. Batson and Caroline Mason West, objectants.

*Edward J. Wren* for Jonathan Holden and others, objectants.

*Wickes & Nielson* [*Nathan F. George* of counsel], for Dorothy Frame Sterling and Pemberton Frame, objectants.

FOLEY, S. There is little to be added to the thorough, comprehensive and learned opinion of the referee, and his very complete report on the issues in these proceedings. His report will be confirmed. Only a few matters require even brief discussion:

(1) Doubt is expressed by the referee on page 11 of his opinion as to whether the facts would have justified the executors in retaining the non-legal securities from 1925 to 1932 in the absence of the consent of the beneficiaries. He has found that there was acquiescence, particularly by the principal beneficiaries, Bertha F. Mason and Emlen P. Frame, in the retention of the non-legal securities. The Surrogate, however, has no doubt, whatsoever that under the special circumstances and proof, the retention of the non-legal securities was not a proper basis for a surcharge of the executors, particularly in view of the findings by the referee, supported by the evidence, that the executors exercised continued vigilance, that they were not negligent or otherwise at fault and used their best judgment in retaining the securities. In view of the latter findings and the unjustified attack made upon the settlement agreement, primarily, and upon the decree admitting the will to probate, I am strongly of the opinion, that the executors were not sur-

chargeable for retaining the securities actually held by them until after final determination of the litigation initiated by Bertha F. Mason. The futility of her attack upon the validity of the settlement agreement, and upon the validity of the decree admitting the will to probate, was demonstrated in the report of the referee which upheld the validity of the compromise agreement, by its confirmation by the surrogate, by the affirmance of the surrogate's decision by the Appellate Division (—— App. Div. ——) and by the denial of leave to appeal to the Court of Appeals (—— App. Div. ——).

A situation of continuing uncertainty was presented to the executors by this litigation, as to the ultimate distribution of the property left by the decedent. Added to it was the exercise of current vigilance by the executors in watching the securities retained by them. To this situation the referee has properly applied the authorities in this State, in which the Courts have refused to hold executors responsible for a surcharge, where they have exercised contemporaneous prudence and where subsequent loss has been caused by the economic depression or by errors of judgment which did not amount to negligence, breach of trust or other misconduct. (*Matter of Clark*, 257 N. Y. 132; *Matter of Varet*, 181 App. Div. 446; *Matter of Pratt*, 143 Misc. 751; *Matter of Weston*, 91 N. Y. 502.)

(2) I am of the opinion that the amounts allowed by the referee for compensation to the attorneys under that phase of the proceeding brought pursuant to section 231-a of the Surrogate's Court Act were proper and reasonable. That conclusion applies not only to the amount allowed for legal services in connection with the general administration of the estate, but also to the amount allowed as a proper charge out of the estate, for services rendered to the executors in the so-called Bertha F. Mason proceeding.

In this connection I find no basis for any misunderstanding or the inference of any alleged ambiguity on the part of counsel for the objectants, as to the effect of the referee's findings and conclusion. In substance, the referee has found that the professional services rendered in the Bertha F. Mason proceeding were " in the defense of the probate of the will of the decedent, and were all necessary and reasonable to be performed by the executors in safeguarding and preserving the estate." (See finding of fact No. 219. See, also, additional findings Nos. 246 and 248.) The referee excluded from the allowance, payable out of the estate, the reasonable value of the services rendered in the so-called impounding proceeding.

The referee has not found that the services " were not, to any degree, rendered to Waddell " as contended by counsel for the objectants Mason and Frame (pp. 38, 39 of their brief submitted to the surrogate). In the surrogate's Court situations occasionally

arise where one of the executors, or the proponent of a will, or an administrator happens to be interested in the estate in a more substantial way as a beneficiary or legatee or distributee or perhaps as a creditor. In such circumstances, the attorney for the representative of the estate may render professional services which redound to the benefit of the general estate and should be paid by all the residuary legatees, or if there is no residue, by other beneficiaries. Yet the same services may be of benefit to his client in his individual capacity. In such situations the reasonable value of the attorney's services rendered to the representative of the estate, may be a proper charge payable out of the estate, either by consent or after allowance by the surrogate. The services to the same client, individually, may be the subject of additional compensation to be fixed either upon a basis of *quantum meruit* or by agreement, contingent or absolute, between the attorney and the client. The Court of Appeals in the recent case of *Matter of Matheson* (265 N. Y. 81) stated the rule as follows: " Since the retainer was a contract only between the representative and the attorney, the determination of the value of the services went no further than to fix the amount which might properly come out of the funds of the estate. * * * The representative as an individual might conceivably be liable for more."

In the present case the referee has fixed and allowed the sum of $35,000 for services in the Bertha F. Mason proceeding as the reasonable value to the estate of such services (Conclusions of law, Nos. 22, 19 and 20). The referee correctly followed the decision of the Appellate Division, and upon the abundant proof taken before him determined the " value of the services rendered to the estate, as distinguished from those rendered for the benefit of Waddell." (*Matter of Frame,* 238 App. Div. 811.) Necessarily the difference between the amount allowed by the referee as a proper estate charge and the amount for which Waddell obligated himself, represents a the value of the services rendered for the benefit of Waddell individually. (Findings of fact, 220-c and 240.)

(3) The contention of counsel for certain of the objectants that the surrogate's decision on the confirmation of the report of former Justice VERNON M. DAVIS, as referee, in taxing the expenses of the reference and awarding costs is conclusive, or is to be regarded as the law of the estate or in any other way binding in the present proceeding is without foundation. The expenses charged in that proceeding were the expenses of the reference. The costs allowed were those fixed pursuant to section 278 of the Surrogate's Court Act. No question whatsoever of the allowance or allocation of counsel fees or attorneys' fees was involved in my prior determina-

tion, nor was there any statutory authority under the provisions of section 278 of the Surrogate's Court Act to make the allowance of counsel fees under the particular form of the proceeding.

(4) There is a clerical error in finding of fact No. 145. That finding should be modified so as to hold that payments to Esselstyn and Haughwout for the sum of $56,000 (instead of an aggregate of $60,000) were necessary and proper for legal services in connection with the administration of the estate, and were reasonable in amount. On this phase of the case, the clerical error in the finding of fact did not creep into the conclusions of law and the aggregate of the amounts therein set forth — $56,000 — is correct. (Conclusions of law 19, 20, 21 and 22.)

(5) Commissions will be allowed to the executors in the exercise of the discretion of the surrogate.

All the exceptions to the referee's report are overruled.

Submit decree on notice confirming the report of the referee and settling the account accordingly.