In the Matter of the Estate of BARNETT SMITH, Deceased.

Surrogate's Court, Kings County, April 2, 1938.

*Leon Freedman* [*Murray M. Halwer* of counsel], attorney *pro se* and for Benjamin Smith, distributee.

*Wilzin & Halperin* and *Maurice W. Monheimer*, for Reuben Smith and Sarah Glasser, as administrators, etc., of Barnett Smith, deceased.

WINGATE, S.   In *Matter of Hirsch* (154 Misc. 736, 739) this court observed: " It is well established that where the services of the attorney have resulted in benefit to the estate as a whole, the payment to him should be made from the entire fund and not merely from the distributive interest of the person on behalf of whom he primarily acted."

As authority for this statement, reliance was placed upon *Matter of Lounsberry* (226 App. Div. 291, 293) and certain judicial utterances contained in the opinions in *Matter of Frame* (152 Misc. 475, 478); *Matter of Rosenberg* (147 id. 517, 521; affd., 241 App. Div. 601); *Matter of Vorndran* (132 Misc. 611, 612); *Matter of Chaves* (143 id. 872, 873), and *Matter of Conne* (147 id. 116, 117).

Numerous other consonant statements have been made since that pronouncement, the most recent of which, by Judge PATTERSON, acting surrogate of Chautauqua county (*Matter of Merz*, 164 Misc. 855, 865) reads: " No case has been brought to my attention which refused an allowance out of the estate under section 231-a of the Surrogate's Court Act where it appeared that the services rendered by the applicant attorney for a beneficiary resulted in bringing assets into the estate from which all parties benefited."

It may readily be admitted that with the exception of *Matter of Lounsberry*, all of the noted statements were dicta, since in each instance the respective opinions demonstrate that the courts found the benefits conferred, to have been in the interest of individual distributees rather than in that of the estate as a whole.   In spite of this fact, the uniform and unvarying indication of judicial opinion is not lightly to be ignored that where assets in addition to those for which the fiduciary admitted liability were, through the efforts of counsel for individual distributees, demonstrated to belong to the estate, the labors of such counsel should be compensated from the estate as a whole.   Whereas they do not comply with the letter of the rule of *stare decisis*, their frequent repetition brings them substantially within its spirit and they must inevitably have had influence upon the conduct of persons in similar situations.   A further consonant indication of opinion, also by way of dictum, is found in the opinion of the Appellate Division of this department in *Matter of Buttner* (215 App. Div. 62, 72.)

Fortunately *Matter of Lounsberry* transcends the somewhat tenuous authority of these statements. In that case the Appellate Division for the fourth department reversed a surrogate who had refused an allowance, payable from the estate as a whole, to the attorney for a legatee who had been successful in bringing additional assets into the estate, saying (at p. 293): " The legatee who assumes the burden of compelling the daughter to restore to the estate the proceeds of the first mentioned certificates of deposit employed an attorney who asked for a $400 allowance for his services. The surrogate made a finding that such services were worth $400 and that the services benefited the estate, but disallowed the claim upon the theory that the surrogate lacked the power to make the allowance. We think it should have been allowed. (Surr. Ct. Act, § 231-a, as added by Laws of 1923, chap. 526; *Matter of Buttner*, 215 App. Div. 62.) "

Whereas it has sometimes been stated that the only pronouncements to which, in strictness, the principle of *stare decisis* applies are those of courts of last resort (See *Matter of Brolasky*, 302 Penn. St. 439, 440; 153 A. 739, 741; *Diamond Plate Glass Co.* v. *Knote*, 38 Ind. App. 20; 77 N. E. 954, 955; *City of Sedalia* v. *Donohue*, 190 Mo. 407; 89 S. W. 386, 388; *Kearny* v. *Buttles*, 1 Ohio St. 362, 367; *Newberry* v. *Trowbridge*, 4 Mich. 391, 395; *Calhoun Gold Mining Co.* v. *Ajax Gold Mining Co.*, 27 Colo. 1; 59 P. 607, 612; *Inman* v. *Sherrill*, 29 Okla. 100; 116 P. 426, 427), in this State at least it is the established practice to extend the application of the doctrine to the determinations of intermediate appellate tribunals at least so far as courts of first impression are concerned. (*Matter of Harned*, 138 Misc. 546, 549; affd., 234 App. Div. 796. See, also, *Matter of Clark*, N. Y. L. J. March 19, 1937, p. 1361.) It follows, therefore, in the present situation, that this court would be under obligation to follow the rule of the *Lounsberry* case even in the absence of the other noted expressions of consonant opinion.

The question thereupon arises as to what is meant by the phrase " benefit to the estate " as employed by the Appellate Division, which is held to require compensation to the attorney from the estate as a whole rather than from the individual share of the particular distributee. There is no reasonable basis for a difference of opinion on this subject. As was pointed out in the *Hirsch* case, the only proper test of " benefit " in this connection is whether or not the distributees of the estate, in their capacities as such, have become entitled to receive from the assets of the estate, when distributed in the ordinary process of orderly administration, greater sums than those which they would have received, had the

efforts of the applicant not been expended. To state the matter equivalently, the question for solution is: have the services of the applicant contributed to the entry of a decree directing or approving payment to the beneficiaries from the assets of the estate of sums greater than would have been the case had such services not been rendered?

If this question can be answered in the affirmative, all pertinent expressions of judicial opinion are uniform to the effect that a benefit to the estate as a whole has been rendered which will warrant the surrogate, in his discretion, in requiring that compensation therefor shall be made from the estate as a whole.

The theory underlying the rule is unquestionably sound. It is a primary duty of every estate fiduciary to reduce to possession in his hands and in his official capacity, all assets which belonged to the decedent at the moment of death. (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *O'Conner* v. *Gifford*, 117 id. 275, 279; *Fortunato* v. *Mayor*, 31 App. Div. 271, 273; *Matter of Union Trust Co.*, 70 id. 5, 9; *Matter of Ebbets*, 149 Misc. 260, 265; *Matter of Gregory*, 150 id. 610, 612.) In so far as the performance of legal services is requisite in this connection, their reasonable value is a proper charge against the assets of the estate.

If the estate fiduciary is derelict in the performance of this duty, it is obviously in the common interest of all who are entitled to share in the distribution of the estate assets that it be performed by another. In such action, if other than an intermeddling volunteer, the person performing it is obviously acting in the place of the fiduciary and is entitled to *pro tanto* subrogation to the rights of the fiduciary in respect of compensation of counsel necessary in the process. His legal activity is in a representative rather than in an individual capacity and any recovery made enures not to his personal benefit only but to that of every distributee of the estate assets.

The next inquiry is as to whether the record demonstrates that the present applicant comes within this description. The accounting in its initial aspect was a compulsory one which was strenuously contested by the fiduciaries at every stage of the proceeding. As filed under compulsion of this court, the account enumerated gross assets possessing a total stated value of $16,309.54 and asserted payments therefrom of $13,559.49 leaving an apparent net balance of $2,750.05.

As a result of the research and efforts of this objectant's counsel there has been brought into the estate an additional sum, exclusive of interest amounting to $39,220.25, and consisting of an asserted

but unsubstantiated gift by the decedent of $15,000 to the executor, $9,220.25 of sums due from the latter to the estate, an asserted but unsubstantiated gift of $10,000 to the coexecutrix, the sum of $4,000 collected by the fiduciaries but not included in the account and $1,000 which represented a claimed loss on the sale of an estate asset by the executors to one of their number.

In this enumeration the court has omitted certain additional sums by which the account has been surcharged as these concerned merely alleged credits of the accountants as against the distributive share of the objector and were in consequence merely favorable adjudications of personal controversies between him and them, with which the estate as a whole was unconcerned.

In this demonstration, it is apparent that the efforts of the objector and his counsel have resulted in bringing into the estate a sum, inclusive of interest, approximating $40,000 which would not have been distributable as estate assets had their efforts not been expended. So far as the beneficiaries of the estate, as such, are concerned, this is a new asset of the estate which has been created for their benefit in like degree as if it had been recovered on their behalf from a wholly independent third party. It was recovered from the fiduciaries as individuals and it is well established that a person who chances to be a fiduciary, is, in his personal capacity, a different legal person from that which he occupies in his trust relationship. (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467; *Collins* v. *Hydorn*, 135 id. 320, 324, 325; *Leonard* v. *Pierce*, 182 id. 431, 432; *Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 296, 297; *Opdyke* v. *Marble*, 44 Barb. 64, 68; *Matter of Ebbets*, 149 Misc. 260, 267; *Matter of Gomez*, 160 id. 503, 506.)

As to the $40,000 by which the assets of the estate have been increased, the attorney for the objectant is within the letter and spirit of the pronouncements which entitle him to compensation from the estate as a whole in exoneration of the liability of his primary client, the objector.

The quantum of such compensation remains for consideration. He has requested $15,000. In the opinion of the court this figure is too high. In view of all of the circumstances, the court is of the opinion that an award of twenty per cent of the amount of the new assets brought into the estate would be fair, and his remuneration is fixed in the sum of $8,000.

Since this sum is his payment for the services rendered in bringing the new assets into the estate and these comprised by far the greater part of his labors, it is obvious that he should not be paid for the same service a second or third time as would be the result

were he permitted to tax a bill of costs against the estate or to charge his client individually for the indirect benefit resulting from these labors. Therefore, no costs will be taxed.

It is accordingly determined that the petitioner is entitled to be paid the sum of $8,000 from the assets of the estate.

Enter decree on notice in conformity herewith.