In the Matter of the Accounting of H. WILBUR GRAVES et al., as Executors of HARVEY B. GRAVES, Deceased.

Surrogate's Court, Monroe County, March 2, 1950.

*Byron A. Johnson, Sr., Byron A. Johnson, Jr.,* and *Truesdale Clarke* for H. Wilbur Graves and another, as executors of Harvey B. Graves, deceased, petitioners.

*Donald R. Harter* for Frank W. Moffett, as executor of Harvey B. Graves, deceased, petitioner.

*Percival W. Gillette* for Frances G. Lakeman et al., respondents.

WITMER, S.  On this accounting proceeding counsel for all parties have co-operated in an effort to adjust their clients' differences without litigation; and all informal objections to the account have been settled by agreement.  Counsel for respondents has asked to be paid out of general estate funds the sum of $3,000 for his services in connection with adjusting the commissions which the executors originally claimed, and that question has been submitted to the court.

It is conceded that as a result of the services of the respondents' counsel herein the executors' commissions have been reduced by the sum of $11,245.31, and as a consequence the shares of all the beneficiaries, including two of the three executors, have been enlarged proportionately to that extent.  The question in the first instance is whether this court has authority under these circumstances to grant an allowance for such services payable out of the general estate.

No case directly in point has been found, although there are many dicta which indicate that an allowance may be called for in this situation.  (*Matter of Rosenberg,* 147 Misc. 517, affd. 241 App. Div. 601; *Matter of Parsons,* 121 Misc. 747; *Matter of Vorndran,* 132 Misc. 611; *Matter of Chaves,* 143 Misc. 872; *Matter of O'Brien,* 146 Misc. 555.)  Moreover, where the services of the attorney for a beneficiary have resulted in bringing new assets into the estate, a suitable allowance to the attorney for such legal services has been granted.  (*Matter of Lounsberry,* 226 App. Div. 291; *Matter of Hirsch,* 154 Misc. 736; *Matter of Smith,* 167 Misc. 95.)

It seems only fair and proper that where legal services have been rendered for the benefit of the estate which result in enlargement of the distributive shares of the estate beneficiaries, reasonable compensation should be granted out of the estate for such services.  This is particularly so in a case where, because of interests of the executors adverse to those of the beneficiaries, justice may not be done except for the performance of legal services by counsel for the beneficiaries.  In such case the personal interests of the executors cause them and their counsel, in effect, to step aside and permit those whose interests are not inimical to the estate in general to protect the rights of the estate.  Even in such case, however, the services rendered must be substantial, and must be directed toward a bona fide issue, and may not be merely nominal in overcoming an obviously erroneous claim by the fiduciary.  As stated by former Surrogate SCHULZ in *Matter of Vorndran* (132 Misc. 611, 612, *supra*) with reference to granting allow-

ances in matters of this nature, " the court should use great care before it makes such a direction."

In the instant case the services rendered in behalf of the respondents were performed in good faith, and the question presented was of such a character that, without the performance of the services, the estate would have been charged additional commissions in the sum of $11,245.31. Under such circumstances, it is fitting that an allowance for legal services rendered by said counsel be made, chargeable to the general estate. (See *Matter of Lounsberry,* 226 App. Div. 291, *supra; Matter of Rosenberg,* 147 Misc. 517, 520, affd. 241 App. Div. 601, *supra; Matter of Hirsch,* 154 Misc. 736, *supra,* and *Matter of Smith,* 167 Misc. 95, *supra.*) Indeed, the services rendered in this case involved the construction of the testator's will, and had the matter not been settled the court would have been required to construe the will in order to decide the matter of commissions; and on that ground also the court is impelled to grant an allowance herein.

On the question of the value of the services for which the general estate should pay, the court is inclined to the view that although respondents' counsel devoted a great deal of time to the service of his clients herein, not all of such services related to the question of commissions. For services for which the estate is not chargeable, counsel must look to his clients for payment. (See *Matter of Frame,* 152 Misc. 475.)

In *Matter of Smith* (*supra,* p. 99) former Surrogate WINGATE made an allowance of 20% of the amount of the assets brought into the estate. It appears that the questions involved in that case were such as to justify a larger percentage than should be applied here. Under the circumstances of this case the court deems it proper to allow the respondents' counsel 15% of the amount which the beneficiaries have gained by reason of the services rendered. The application is therefore granted to the extent of the sum of $1,686.80, which sum shall be payable to respondents' counsel out of the assets of the general estate.

Submit decree accordingly.