Maximilian Moss, S.
In this accounting proceeding, attorneys for distributees seek an allowance out of estate assets for legal services said to have been necessarily rendered to the estate in resisting a claim made by the administrator’s son. The application is opposed by the estate’s representative and by the claimant.
The claim was based on an alleged oral agreement in 1927 to bequeath decedent’s estate to the administrator’s son. It was formally rejected. Nonetheless on the trial of the issue before the learned Referee the administrator insisted that he had not rejected it and did not intend to reject it. The record shows that the administrator testified in favor of claimant and that his testimony was essential to its allowance. The measure of his attorney’s resistance to the claim was stated in his affidavit in opposition to this application, in part as follows: “ An unusual situation did arise in that after the commencement of the proceedings, the deceased administrator [claimant’s father] testified in favor of the claimant and against the estate and his own interest as a distributee. * * * Your deponent cooperated in every way with the parties hereto and made available all his files and exhibits.” The attorneys for distributees did vigorously oppose the claim.
The administrator was charged by law with the duty of protecting the interests of the estate against all questionable claims. At the same time it is obvious that he was actively trying to help his son in the latter’s efforts to take the entire estate from the distributees. The fact that the courts have determined the issue in favor of the son (13 A D 2d 535; 15 A D 2d 550; 11 N Y 2d 643, 796) is not decisive of the necessity of requiring proof to establish the claim.
An estate has the right to be represented by an impartial fiduciary and by an attorney who does not suffer from the impediment of a fiduciary testifying against the estate. Under such circumstances, the attorney for an administrator is not in a position to render the requisite services. Here, the attorneys for the distributees performed those services and in a sense were, ex necessitate, the attorneys for the estate. As Surrogate Wingate pointed out in Matter of Smith (167 Misc. 95, 98): “ If the estate fiduciary is derelict in the performance of this duty, it is obviously in the common interest of all who are entitled to share in the distribution of the estate assets that it be performed by another. In such action, if other than an intermeddling volunteer, the person performing it is obviously acting in the place of the fiduciary and is entitled to pro tanto subrogation to the rights of the fiduciary in respect of compensation of counsel *62 necessary in the process. His legal activity is in a representative rather than in an individual capacity ’ This court reaffirms this conception of the law.
The motion to allow compensation to movants is granted to the extent that the fair and reasonable value of their services is fixed in the sum of $4,000 payable out of the estate.