OPINION OF THE COURT
John M. Thomas, S.
The matter before the court is a petition for allowances and disbursements by the attorneys for Thomas Burns against the estate of Joseph Burns or the share of Katherine Buckley in that estate.
In order to gain the proper perspective it is essential to detail the history of this litigation from its inception.
Joseph Burns was a veteran of World War I who received 100% disability from the Veteran’s Administration for mental illness. He lived with his brother, Lawrence Burns, and in nursing homes and Veteran’s Administration hospitals. His *318 brother, Lawrence Burns, took care of the decedent’s finances and his pension of $1,000 a month from the Veteran’s Administration. The decedent had a will dated October 23, 1974 which divided his property equally among his brother and his brother’s two children, Thomas Burns and Katherine Buckley, and appointed Thomas Burns as alternate executor in the event his brother Lawrence predeceased him. On March 8, 1979, Lawrence Burns, the brother of the deceased, died. On March 10, 1979, Katherine Buckley obtained a power of attorney from Joseph Burns and her attorney, Salvatore Fauci, interviewed Joseph Burns for a new will. The decedent at this time was in excess of 80 years of age. Commencing on April 3, 1979, Katherine Buckley changed seven bank accounts to Joseph Burns in joint tenancy with, or in trust for, Katherine Buckley. On some accounts, Katherine Buckley used the power of attorney to effectuate the change and on some accounts, she had Joseph Burns sign the signature card himself. The total of these accounts as of the date of death of Joseph Burns was $145,810.24. On April 30, 1979, a new will was executed which divided the testator’s property equally between Katherine Buckley and Thomas Burns and appointed Katherine Buckley executrix. Joseph Burns died on May 10, 1983 at 85 years of age and shortly thereafter, Katherine Buckley closed all the bank accounts and took the position that there was no estate since all assets had passed to her by operation of law through the rules of joint tenancy or as beneficiary of Totten trusts. Thomas Burns, on March 26, 1984 obtained a show cause order made returnable April 30, 1984 seeking to restrain Katherine Buckley from disposing of any property alleged to belong to the decedent as described in the moving papers. In addition, on the same date, Thomas Burns applied for letters of administration. On the return date, Katherine Buckley responded with a petition for probate of the will dated April 30, 1979. Recognizing that Katherine Buckley would not seek discovery against herself, Thomas Burns contested the probate of the new will and objected to Katherine Buckley acting as executrix. This court dismissed the objection to probate since Thomas Burns was receiving the same share under the provisions of the will as he would have under the laws of intestacy and, therefore, was not an aggrieved party. The petition for letters of administration was dismissed since there was a will in existence, but Katherine Buckley was denied letters testamentary because of her conflict in insisting that there was no estate and letters of *319 administration c.t.a. were issued by this court to the Commissioner of Finance of Broome County. The Administrator c.t.a. commenced a discovery proceeding against Katherine Buckley. Thomas Burns, upon petitioning the court under CPLR 1012 and 1013, was granted the right to intervene in the proceeding. The inquisitorial stage of the discovery proceeding identified seven bank accounts formerly owned by the decedent and claimed by Katherine Buckley. Upon a trial by jury of the title phase of the discovery proceeding, the court directed a verdict for the estate as to five of the accounts and the jury likewise found for the estate as to the remaining two accounts, thus bringing the estate from zero to $145,810.24. The petitioner (estate) and the intervenor-petitioner (Thomas Burns) moved for costs to be assessed against Katherine Buckley, individually, which the court has denied. Now the intervenor-petitioner seeks allowance for attorney’s fees from the estate of Joseph Burns or the share of Katherine Buckley in that estate. The amount sought covers the services rendered from the inception of the dispute in May 1983 to the completion of the trial in October 1985 and is in the amount of $41,788.95 plus $400.45 of disbursements.
The rule of law in this case is found in SCPA 2301 and 2302 wherein it is provided inter alia that the awarding of costs or allowances is at the discretion of the court and may be directed to be paid “by any party personally or out of the assets of the estate or out of the share or interest of any person or from both in such proportion as directed by the court and justice requires” (SCPA 2301 [4]). SCPA 2110 also provides for the payment of attorney’s fees from the estate in general or from the share of any particular distributee or beneficiary at any time during the administration of the estate.
The cases interpreting these statutes and their predecessors in the law have uniformly held that where legal services have been rendered for the benefit of the estate as a whole resulting in the enlargement of all the distributive shares of all legatees or distributees, reasonable compensation should be granted from the funds of the estate. (See, Matter of Lounsberry, 226 App Div 291; Matter of Bellinger, 55 AD2d 448; Matter of Smith, 167 Misc 95.) The test generally applied to determine whether the legal services have “benefited the estate” is: have the services of the applicant resulted in an increase in the share to be distributed to all the beneficiaries in their capacity as such over what they would have received *320 if the services of the applicant had not been rendered. (Matter of Smith, supra; Matter of Hirsch, 154 Misc 736.) If the test rests on the words "all beneficiaries” as the respondent contends that it does, then there is little doubt that the instant application fails to qualify for the will of Joseph Burns only has two equal beneficiaries and they are the two principal litigants in this case. Katherine Buckley, the respondent, claims the entire $145,000 estate as her own individually by operation of law. Thus the success of the applicant’s efforts and services in this discovery proceeding dramatically reduced her share. If there were more than two beneficiaries under the will, then it could be argued that the intervenor’s attorney’s services benefited the majority of the beneficiaries, but here we are faced with the fact that the intervenor himself is the only other beneficiary. Thus, it seems he is the only party benefited by his own attorney’s services.
A closer examination of the rule, however, is essential to reach the correct result. The law has always recognized that persons act in various legal capacities. As Surrogate Wingate holds in Matter of Smith (supra) involving the recovering of assets from an executor, the individual is a different "legal person” than that same person as a fiduciary of the estate. The court directed and the jury concluded in the case now before us that the respondent, Katherine Buckley, as an individual, wrongfully withheld assets from the estate and therefore had no right to these funds except in her legal capacity as a one-half beneficiary under the will of Joseph Burns. Except for the efforts of the intervenor-petitioner, there would have been no testamentary estate for the respondent, Katherine Buckley, or the intervenor-petitioner, Thomas Burns, to receive in their legal capacity as beneficiaries under the will of Joseph Burns. In that context, which this court believes to be the correct interpretation of the rule, all beneficiaries were benefited by the services of the applicant. (See, Matter of Smith, supra; Matter of Bellinger, supra.) Additionally, simple justice dictates that Katherine Buckley should bear the greater share of the financial burden placed upon the estate by her wrongful withholding of assets. Therefore, this court concludes that the intervenor-petitioner’s attorney is entitled to be paid from the assets of the estate for his services.
Having held that the intervenor-petitioner is entitled to reimbursement from the estate of Joseph Burns for attorney’s fees and disbursements, it now remains to be determined, the *321 amount of the allowance and in what proportions it will be assessed against the general estate and the share of the respondent, Katherine Buckley. The attorney for the intervenor-petitioner has attached to his petition, not only a detailed synopsis of all of the services rendered commencing in May 1983 to the conclusion of the trial on October 31, 1985, but additionally attaches time records broken down as to all proceedings. Surrogate’s Court in exercising its power to set an attorney’s fee must do so with reason, proper discretion and not arbitrarily. (Matter of Brehm, 37 AD2d 95.) The courts, through a series of early cases, set down the guidelines and the basic criteria which were delineated in Matter of Potts (213 App Div 59, affd 241 NY 593). There the court, citing earlier cases, provided (p 62) that the court "should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained.” All these factors are balanced and considered by the court in rendering its decision. It is faulty judgment to consider one particular aspect over the other. Neither the time-clock approach nor the per cent fee relative to the size of the estate is the correct solution to the problem. (See, Matter of Snell, 17 AD2d 490.) All the criteria have their own validity, but standing alone do not measure up to the complete test laid down in Matter of Potts (supra).
The case before us represents an unusual circumstance in that there would have been no estate at all, no will offered for probate, no administrator c.t.a. appointed except for the acts of Thomas Burns and his attorneys. The applicant here before us Thomas Burns was relegated to a position of intervenor because of the court’s appointment of a neutral fiduciary in the Commissioner of Finance, but certainly Thomas Burns was the principal player and mover in this litigation. Thus, the services rendered in the proceeding for letters of administration and the objections to Katherine Buckley acting as executrix of the estate were necessary links in the chain of litigation to the successful conclusion of the discovery proceeding.
The respondent contends that the services of the intervenorpetitioner’s attorneys duplicated the services of the petitioner’s attorney, but it was abundantly clear to anyone sitting through the course of the trial that the petitioner and intervenor-petitioner worked in concert as a team without duplicating or overlapping in their presentation of the evidence.
*322 The cases that the respondent cites in her memorandum opposing this petition are generally cases wherein the court has found the application for allowances has not benefited the estate. Since our findings here are that the intervenor-petitioner has benefited the estate, the cases cited are not germane to the issue.
Upon a review of the services rendered by the attorneys for the intervenor-petitioner the court finds that the services rendered to the motion to disqualify the respondent’s attorney in the probate proceeding, and the appeal of the probate decree had little or no benefit directly to the estate and therefore are excluded. Based upon the petition of the petitioner, the affidavit of services and the time records therein, and based upon the opposing affidavits of the respondent, the affidavits of the attorney for the estate and applying the rule laid down in Matter of Potts (supra) and the other applicable cases, this court allows a fee in the amount of $31,000 plus $400 in disbursements to counsel for the intervenor-petitioner to be paid one half from the general funds of the estate and one half from the share of Katherine Buckley. This decision is without prejudice to the intervenor-petitioner’s attorney receiving additional compensation directly from his client, Thomas Burns.