Kathryn F. Wiberg died testate on June 11, 1984. Under the terms of her will, Mrs. Wiberg bequeathed the residue of her estate as follows: two-sixths to her granddaughter, Penny Wiberg Sadoughian, to be invested as an educational fund for Ali Sadoughian and Meli Sadoughian; two-sixths to her grandson, Raymond Knoll Wiberg, to be invested as an educational fund *Page 941 
for Raymond Victor Wiberg and Eric Wiberg; one-sixth to her brother-in-law, Clinton E. Wiberg; and one-sixth to Clinton's wife, Dorothea E. Wiberg. The will named Clinton E. Wiberg and Dorothea E. Wiberg as co-executors. The will was admitted to probate in Jefferson County, and letters testamentary were granted to Clinton E. Wiberg and Dorothea E. Wiberg. Upon the petition of Penny Wiberg Sadoughian, the administration of Mrs. Wiberg's estate was removed from probate court to circuit court.
On May 14, 1985, the plaintiffs, who are the grandchildren and minor great-grandchildren of Kathryn F. Wiberg named as beneficiaries in her will, filed a complaint for declaratory judgment in the Circuit Court of Jefferson County. Named as defendants were Clinton E. Wiberg, individually, and Clinton E. Wiberg and Dorothea E. Wiberg, as executors of the estate of Kathryn F. Wiberg. The complaint alleged that, prior to her death, Mrs. Wiberg had deposited funds into certificates of deposit in the names of "Kathryn F. Wiberg or Clinton E. Wiberg," with right of survivorship. The complaint also alleged that, following Mrs. Wiberg's death, the certificates of deposit that had been in the names of Kathryn F. Wiberg or Clinton E. Wiberg were reissued in the names of Clinton E. Wiberg or Dorothea E. Wiberg, as individuals, and that the defendants had indicated that those funds were not part of the estate of Kathryn F. Wiberg. The plaintiffs sought to have the proceeds of the certificates of deposit placed in the estate of Kathryn F. Wiberg to be distributed according to the terms of her will. The plaintiffs alleged that Clinton E. Wiberg had exerted undue influence over Kathryn F. Wiberg to obtain joint ownership of the certificates of deposit and that Kathryn F. Wiberg signed the ownership cards for the certificates of deposit through mistake and misunderstanding.
The case was tried to a jury, which found in favor of the plaintiffs. The trial court entered judgment on August 15, 1986, and ordered that the certificate of deposit funds be placed in the account of the estate. On September 2, 1986, the plaintiffs filed a motion requesting that attorney fees and expenses be charged to the common fund that was to be paid into court under the terms of the judgment, as provided by Code 1975, § 34-3-60. The trial court ruled that the attorney fees for the plaintiffs were to be paid from the funds in the estate of Kathryn F. Wiberg. Following a hearing to establish a reasonable attorney fee, the court awarded the plaintiffs $20,045.67 for attorney fees plus $2,012.25 for expenses.
On September 10, 1986, the defendants filed a "Motion to Set Judgment Aside or Motion for New Trial," which the court denied. Before denying the motion, the court had granted the plaintiffs' motion to strike paragraphs 5, 6, 7, 8, 9, and 12, along with the affidavits of three jurors, from the defendants' "Motion to Set Judgment Aside or Motion for New Trial."
The defendants appeal, claiming that: (1) the trial court erred in awarding attorney fees to the plaintiffs from the common fund; and (2) that the trial court erred in striking the jurors' affidavits, and the paragraphs related to those affidavits, from the defendants' "Motion to Set Judgment Aside or Motion for New Trial."
With regard to the issue of attorney fees, the defendants contend that there is no right to have an attorney paid by the opposing party in this case. The recovery of attorney fees in Alabama is allowed "only where authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be paid." Eagerton v.Williams, 433 So.2d 436, 450 (Ala. 1983).
The statutory basis on which plaintiffs rely for the allowance of an attorney fee is Code 1975, § 34-3-60, which provides:
 "In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal *Page 942 
property between tenants in common, the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint or common property, or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind."
This statute has been applied to permit the awarding of attorney fees in proceedings involving the administration of estates. See Willett Willett v. First National Bank ofAnniston, 234 Ala. 577, 176 So. 344 (1937); Bidwellv. Johnson, 195 Ala. 547, 70 So. 685 (1915). InClark v. Clark, 287 Ala. 42, 47, 247 So.2d 361, 365
(1971), the Court, recognizing that "[a]n executor is a trustee, and his administration of the estate of a decedent is that of a trustee," held that Code 1940, Title 46, § 63 (now Code 1975, § 34-3-60), supported an award of a fee to the attorneys who represented the executor of an estate in a will contest. Thus, despite defendants' contention to the contrary, § 34-3-60 is applicable to a proceeding involving the administration of an estate. SeeWilder v. Mixon, 442 So.2d 922 (Ala. 1983);Faulk v. Money, 236 Ala. 69, 181 So. 256 (1938).
The defendants also submit that the allowance of an attorney fee under § 34-3-60 is proper only where the litigation benefits all beneficiaries. Farlow v.Adams, 474 So.2d 53 (Ala. 1985); King v. Smith,247 Ala. 1, 22 So.2d 336 (1945). Clinton E. Wiberg contends that he has not benefited from the litigation because, as a residuary beneficiary under the will, he is entitled to only one-sixth of the funds that were previously in the certificates of deposit in his and his wife's names. The suit instituted by the plaintiffs resulted in a judgment that returned the funds in the certificates of deposit to the estate of Kathryn F. Wiberg. The share of all
residuary beneficiaries, including Clinton E. Wiberg and Dorothea E. Wiberg, was increased by the plaintiffs' efforts. We conclude that in this situation the litigation benefited all beneficiaries. See Estate of Burns, 130 Misc.2d 317,496 N.Y.S.2d 921 (Sur.Ct. 1985). We affirm the trial court's finding that the plaintiffs' attorneys are entitled to be paid from the estate assets.
The remaining argument asserted by the defendants is that the trial court should not have struck from the defendants' motion for new trial certain paragraphs pertaining to the deliberations of the jury and the affidavits of three jurors in support of the new trial motion. The defendants contend that the affidavits support their claim that the jury was influenced by extraneous factors in its deliberation. As a general rule, the testimony of jurors is not admissible for the purpose of impeaching their own verdict. Dumas v.Dumas Bros. Mfg. Co., 295 Ala. 370, 330 So.2d 426
(1976); C. Gamble, McElroy's Alabama Evidence § 94.06 (3d ed. 1977). However, an exception to this rule exists where the affidavit of a juror tends to show extraneous facts that influenced the verdict. Whitten v.Allstate Ins. Co., 447 So.2d 655 (Ala. 1984). An examination of the jurors' affidavits that were submitted by the defendants shows only that the jury failed to discuss the testimony and evidence that had been presented at trial. We do not consider this as tending to show extraneous facts that influenced the verdict. Thus, the affidavits were properly excluded by the trial court, as were the paragraphs in the new trial motion that pertained to the jury deliberations.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur. *Page 943