■ In the Matter of the Estate of OSCAR FRAZIER, Deceased. —Order unanimously reversed on the law without costs and application denied. Memorandum: The court lacked authority to direct payment of legal fees and disbursements to the attorneys for the purchasers of real property comprising the estate's sole asset. That the attorneys brought a petition to remove the executor provides no basis for an award of such compensation. They did not perform any duty in administering the estate which the executor defaulted in doing or neglected, nor were the purchasers devisees, legatees, distributees or persons interested in the estate. Accordingly, the Surrogate erred in holding that payment by the estate was authorized under SCPA 2110. Moreover, the legal services rendered by the attorneys for the purchasers did not result in an enlargement of the share of the estate's sole beneficiary *(see, Matter of Graves,* 197 Misc 638; *see also, Matter of Lounsberry,* 226 App Div 291; *Matter of Smith,* 167 Misc 95; *Matter of Hirsch,* 154 Misc 736).

"The mere fact that an outside attorney, while preserving the interests of his own client, suggests a course of action which produces a saving to the estate *(Matter of Kaufman,* 169 Misc 714, affd 256 App Div 1070; *Matter of Wicks,* 269 App Div 675), or forces the executor into action *(Matter of Trescott,* 199 Misc 1087), or acts in conjunction with the executor's attorney but without retainer *(Matter of Wadsworth,* 250 App Div 11, affd 275 NY 590) is not sufficient. Volunteers may not be compensated from the general assets of the estate." *(Matter of Bellinger,* 55 AD2d 448, 452.)

Although the decision underlying the order on appeal ex-

presses the intention of the court to surcharge the executor an amount equal to the award of legal fees and disbursements made to purchasers' attorneys, the order itself makes no reference to a surcharge. Instead, it directs that the sum be retained by the attorneys from estate proceeds held by them in escrow. Since the order awarding legal fees and reimbursement of expenses is reversed, the moneys so retained must be refunded to the estate. No issue is presented on this appeal as to the propriety of any surcharge. (Appeal from order of Niagara County Surrogate's Court, DiFlorio, S.—remove executor.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.