[609 NYS2d 992]

In the Matter of WILLIAM H. BAXTER, as Administrator of the Estate of ROBERTA W. SEAMAN, Deceased, Respondent. CHARLOTTE L. GAYNOR, Appellant.

Fourth Department, March 11, 1994

APPEARANCES OF COUNSEL

*Green & Seifter, P. C.,* Syracuse *(Virginia Hoveman* of counsel), for appellant.

*Mackenzie Smith Lewis Michell & Hughes,* Syracuse *(David Garber* of counsel), for respondent.

**OPINION OF THE COURT**

DAVIS, J.

The principal issue before us on this appeal is whether the Surrogate properly awarded the law firm of Mackenzie Smith Lewis Michell and Hughes (Mackenzie Smith) the sum of $100,087, payable from the estate of Roberta Ward Seaman, for legal services rendered "in opposing the various appeals taken by Charlotte Lindner Gaynor individually". Additionally, we are called upon to determine whether the Surrogate properly awarded William H. Baxter, as former administrator of the estate, a receiving commission in the sum of $7,439.91, based upon the value of two unsold parcels of real property.

For the reasons that follow, we conclude that the Surrogate erred in making those awards.

## I

Roberta Ward Seaman (decedent) died intestate on March 14, 1989. Charlotte Lindner Gaynor (Gaynor), the daughter of decedent's adopted-out half brother, petitioned for letters of administration. The Surrogate denied her petition, finding that she was not a distributee of decedent (*Matter of Seaman,* 144 Misc 2d 84). Gaynor appealed the order of the Surrogate to this Court. Subsequent to the Surrogate's decision, William H. Baxter (Baxter), a maternal first cousin of decedent, petitioned for and was granted letters of administration. We affirmed the order of the Surrogate that denied Gaynor's petition for reasons stated in his decision (*Matter of Seaman* [No. 93], 163 AD2d 870). The Court of Appeals granted leave to appeal (77 NY2d 806) and, on appeal, reversed the order of this Court and held that Gaynor, who was otherwise entitled to inherit under EPTL 4-1.1, was not precluded by Domestic Relations Law § 117 from sharing in decedent's estate (*Matter of Seaman,* 78 NY2d 451, 453-454). Pursuant to that decision, the Surrogate revoked Baxter's letters of administration, granted Gaynor's petition for letters of administration and directed Baxter to file an intermediate account covering the term of his administration. Baxter filed his account and brought this proceeding for judicial settlement of that account.

Gaynor filed objections to Baxter's account. Objection 1 challenged Baxter's right, as administrator, to a receiving commission of $7,439.91, based on the value of two unsold parcels of real property. Objection 2 challenged the payment of fees from estate funds for legal services rendered by Mackenzie Smith to the estate and to Baxter, as administrator, in opposing the appeals taken by Gaynor to this Court and to the Court of Appeals. The Surrogate denied the objections and determined that Baxter was entitled to a receiving commission on the unsold parcels of real property in the sum of $7,439.91. The Surrogate further determined that Mackenzie Smith was entitled to compensation in the sum of $100,087 "payable out of the assets of the decedent's estate" for legal services rendered "on behalf of the estate and for William H. Baxter as administrator of the goods, chattels and credits of said deceased in opposing the various appeals taken by Char-

lotte Lindner Gaynor individually". This appeal by Gaynor ensued.

## II

■ The Surrogate erred in awarding Mackenzie Smith the sum of $100,087, payable from estate funds, for legal services rendered "in opposing the various appeals taken by Charlotte Lindner Gaynor individually". Those fees were incurred for legal services rendered solely for the benefit of Baxter and his sisters in their attempt to protect their individual interests as putative distributees of the estate. Those services were not performed on behalf of either the estate or Baxter as administrator of the estate. As the Court of Appeals observed in Gaynor's appeal to it, "[a]t stake is an estate of approximately $1 million to be distributed either to petitioner, the half niece of decedent, or to objectants, decedent's first cousins" *(Matter of Seaman,* 78 NY2d, *supra,* at 453). A review of the record reveals that Mackenzie Smith was listed as "Attorneys for Respondents, William H. Baxter, Helene Baxter Ennis and Margaret Baxter Fine" both in this Court and in the Court of Appeals. That circumstance supports the conclusion that those appeals did not involve Baxter as administrator, but as the representative of claimants who believed that they were distributees entitled to the assets of the estate. In the circumstances of this case, Baxter individually and as the representative of other putative distributees is a different " 'legal person' " from Baxter as a fiduciary of the estate *(Matter of Burns,* 130 Misc 2d 317, 320, *affd* 126 AD2d 809). Indeed, the record demonstrates that Baxter never appeared in those appeals in the capacity of administrator. We conclude, therefore, that the legal services of Mackenzie Smith rendered to Baxter and the other respondents for whom Mackenzie Smith appeared in those appeals were performed for them individually and not on behalf of the estate *(see, Matter of Ordway,* 196 NY 95, 98; *Matter of Bacharach,* 12 AD2d 938).

Additionally, the fees awarded Mackenzie Smith were not chargeable against the estate under SCPA 2110. That section authorizes the payment of legal fees from estate funds for services rendered to a fiduciary, devisee, legatee, distributee or any interested person. The general rule, however, as stated in *Matter of Graves* (197 Misc 638, 639) is: "where legal services have been rendered for the benefit of the estate which result in enlargement of the distributive shares of the estate benefi-

ciaries, reasonable compensation should be granted out of the estate for such services. This is particularly so in a case where, because of *interests of the executors adverse to those of the beneficiaries,* justice may not be done except for the performance of legal services by counsel for the beneficiaries. In such case the personal interests of the executors cause them and their counsel, in effect, to step aside and permit those whose interests are not inimical to the estate in general to protect the rights of the estate. Even in such case, however, the services rendered must be substantial, and must be directed toward a bona fide issue, and may not be merely nominal in overcoming an obviously erroneous claim by the fiduciary" (emphasis supplied).

Thus, reasonable compensation may be allowed out of estate funds for legal services rendered to a distributee that resulted in a benefit to or enlargement of the estate *(see, Matter of Bellinger,* 55 AD2d 448, 451; *Matter of Lounsberry,* 226 App Div 291, 293; *Matter of Smith,* 167 Misc 95, 96; *Matter of Cannariato,* 159 Misc 409, 410). Where the legal services rendered did not benefit the estate but benefitted only the individuals whom the attorney represented, the attorney must seek compensation from the clients individually *(see generally, Matter of Ordway, supra,* at 96; *see, e.g., Matter of Gates,* 120 AD2d 890, 892; *Matter of Bacharach, supra; Matter of Winburn,* 160 Misc 49, 54).

Here, the record demonstrates that the legal services rendered by Mackenzie Smith on the appeals did not benefit or enlarge the estate in any manner. Thus, we conclude that the award of $100,087 to Mackenzie Smith was not authorized by SCPA 2110.

### III

■ The Surrogate further erred in awarding Baxter, as former administrator of the estate, a receiving commission in the sum of $7,439.91, based on the value of the two unsold parcels of real property. It is well settled that a fiduciary's right to compensation is governed by statute *(see,* SCPA 2307) and that commissions are not payable with respect to real property unless that property is sold or otherwise transferred *(see, Matter of Passuello,* 184 AD2d 108, 112; *see also, Matter of Salomon,* 252 NY 381, 383-384; *Matter of Schaich,* 55 AD2d 914, 915, *lv denied* 42 NY2d 802). Although Baxter, as the administrator of the estate, may have performed valuable

services to the estate in connection with the care and maintenance of those two parcels, that circumstance does not entitle him to commissions therefor. "While the efforts made in the exercise of [Baxter's administerial] duties [may] have benefited the estate, unfortunately the law does not provide for recompense of those efforts beyond the calculable commissions" *(Matter of Staud,* 140 Misc 2d 195, 198-199, *affd* 156 AD2d 974).

## IV

Accordingly, the decree should be modified by granting objections 1 and 2 filed by Gaynor to Baxter's intermediate account, by deleting therefrom the award of legal fees to Mackenzie Smith in the sum of $100,087 and by further deleting therefrom the award of a receiving commission to Baxter in the sum of $7,439.91. In all other respects, the decree should be affirmed.

DENMAN, P. J., PINE, FALLON and CALLAHAN, JJ., concur.

Decree unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by DAVIS, J.