OPINION OF THE COURT
Lee L. Holzman, J.
In this SCPA 2206 (3) proceeding, petitioner, a creditor of the estate, seeks to take and state the account of the administrator and seeks the entry of a decree directing the payment of its claim. The administrator, the surety on his bond, and all of the beneficiaries of the estate were served with process and have not appeared.
Decedent died intestate on April 8, 1992. Letters of administration were granted to one of his sons on December 24, 1992. Petitioner had previously instituted proceedings which resulted in the entry of an order on June 14, 1995 directing the administrator to account and the entry of an order on January 11, 1996 holding the administrator in contempt for his failure to account.
On this application, the record reflects that petitioner has a claim against the estate for the sum of $8,000 arising from hospital and medical services rendered to decedent for the period from April 3, 1992 through April 8, 1992. Petitioner also requests interest on the claim from the date of decedent’s death together with attorney’s fees and disbursements.
In the absence of any opposition and based upon the documents submitted, the application to take and state the account of respondent as administrator of decedent’s estate is granted. Respondent is credited with having received personal property with a value of $10,000 and rental income with a value of $40,000 for a period of 18 months. Respondent is charged with the sum of $8,000 together with interest at the statutory rate from the date of decedent’s death as and for petitioner’s claim for hospital and medical services rendered to decedent.
*992 Petitioner’s request that the estate pay its counsel’s fees in the sum of $1,500 for legal services rendered in the compulsory accounting proceeding, the contempt application, and the instant proceeding must be considered in light of whether it violates the general rule stated in Matter of A. G. Ship Maintenance Corp. v Lezak (69 NY2d 1, 5), that the prevailing party in litigation is not entitled to recover counsel fees "from the loser unless * * * authorized by agreement * * * statute or court rule (see, City of Buffalo v Clement Co., 28 NY2d 241, 262-263; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22).” In accord with this rule, it has been held that the petitioner in a compulsory accounting proceeding is not entitled to recover legal fees from the estate even though the application resulted in the executors rendering their account (Matter of Mass, 201 Misc 668, 670, citing Matter of Vorndran, 132 Misc 611).
 In estate practice, the well-recognized exception to the general rule that it is only the attorney for the fiduciary who may be compensated from the estate’s assets permits counsel for a distributee or legatee to be compensated from estate assets where the fiduciary fails to perform a fiduciary function which instead is performed by counsel for a distributee or legatee and results in bringing assets into the estate, thereby increasing the value of the estate (Matter of Burns, 130 Misc 2d 317, 319, affd 126 AD2d 809, citing Matter of Lounsberry, 226 App Div 291; Matter of Bellinger, 55 AD2d 448; Matter of Smith, 167 Misc 95; see also, Cooper v Jones, 78 AD2d 423). This exception has also been expanded to permit counsel for an alleged distributee to be paid from the estate’s assets for legal services rendered which might ultimately result in establishing decedent’s distributees regardless of whether these services were successful in presently establishing the identity of the distributees entitled to share in the estate (Matter of Wiltshire, 4 AD2d 981; see also, Matter of Reedy, 49 Misc 2d 81).
Here, petitioner’s applications for a compulsory accounting and to hold the administrator in contempt were clearly motivated solely by petitioner’s desire to have its claim paid and these services cannot be viewed as resulting in enlarging the value of the estate for the benefit of other persons interested in the estate. Nevertheless, had the administrator rendered his account, as ordered, his counsel would have been paid from the assets of the estate for the legal services rendered in the accounting proceeding (SCPA 2307). Moreover, the ac *993 count stated on the administrator’s behalf due to the services of petitioner’s counsel could be utilized in the future to benefit other persons who might be interested in this estate.
Accordingly, the court holds that petitioner’s counsel is not entitled to be compensated by an adverse party, the estate, for services rendered in the compulsory accounting and contempt proceedings but is entitled to compensation from the estate for services rendered in stating the account on behalf of the administrator. Counsel avers that it charges $150 per hour for services rendered and that it rendered three hours of legal services in the proceeding to state the administrator’s account. Consequently, counsel shall be compensated in the sum of $450 from the assets of the estate. The request of petitioner’s counsel for disbursements is granted to the extent of allowing $250 for filing fees and an amount for service of citation to be supported by paid bills or copies of checks.
The decree to be entered shall provide that the administrator shall make the payments directed therein within 10 days of the entry of the decree and that, in the event that he fails to do so, petitioner shall serve an affidavit to that effect upon the surety which shall then pay said sums to petitioner within 20 days thereof. The decree shall also provide that the surety is entitled to judgment over against the administrator for any sums so paid and that, after it has made such payment, it may submit an affidavit to the court to that effect and settle a separate decree upon respondent administrator setting forth the exact amount of its judgment against the fiduciary.
Notwithstanding their failure to appear herein, the decree shall be settled upon the fiduciary and the surety.