CRAWLEY, Judge.
In April 1997, James E. Patterson, Jr. (the “personal representative”), filed a petition in the Madison Probate Court for the probate of the estate of Donnie Belle Williams Patterson (the “decedent”). Shortly thereafter, the probate court issued letters testamentary to the personal representative. In December 1997, the personal representative petitioned for a final settlement of the estate. Morris Patterson, Phillip R. Patterson, and Douglas MacArthur Patterson (the “contestants”), three of the heirs of the decedent, contested the petition for final settlement. The probate court denied the petition in July 1998.
The probate court’s July 1998 order stated:
“This cause came on to be heard on the 3rd day of June, 1998, upon the Petition for Final Settlement in the above-referenced case. After hearing the testimony presented before the Court, this Court is of the opinion that said Petition is due to be denied.
“Further, the Court makes the following findings concerning the Probate of said Estate to date:
“1. [The personal representative’s] distribution of personal property under the Wills was within his authority.
“2. [The personal representative’s] sale to himself and [to his sister] Yera Patterson Tipton of a one-half Qh) interest in real property owned by [the decedent] at the time of her death is due to be set aside due to failure of [the personal representative] to obtain prior approval of the sale and terms of sale pursuant to [Ala.Code 1975, § 43-2-841.] The Court determines that the deeds from [the personal representative to himself and from the personal representative to his sister] are void and of no effect.
“3. The Court finds that Account Number 029043578 at AmSouth Bank in the names of [the decedent and the *10 personal representative] was not a survivorship account. Testimony and evidence presented at the hearing clearly established that the account documents were incomplete in that they lacked the required signature of [the decedent], that no funds were contributed by [the personal representative] to the account, that neither named person on the account was aware that there might be a survivor-ship feature to the account, and that the account was set up in both names only as a convenience to the parties. Therefore, all funds in said account at the time of the death of Donnie Belle Williams Patterson, together with interest from said date thereon, are due to be paid into the Estate and distributed to the heirs pursuant to the terms of her Last Will and Testament.
“4. The Court further finds that the firm of Lange, Simpson, Robinson & Somerville, LLP, is entitled to recover attorney fees and costs of its representation of Morris Dean Patterson, Douglas (Mack) MacArthur Patterson and Phillip Rodgers Patterson in this matter, pursuant to [§ 34-3-60, Ala.Code 1975], and the authority of Wiberg v. Sadoughian, 514 So.2d 940 (Ala.1987); and Lawyers Surety Corp. v. Whitehead, [719 So.2d 824] (Ala.Civ.App.1997), in an amount to be determined by the Probate Court upon final settlement of the Estates, said sums to be paid from the assets of the Estate of Donnie Belle Williams Patterson.”
The personal representative appealed to the Madison Circuit Court. The circuit court (1) granted the petition for final settlement of the estate; (2) approved the distribution of the personal property; (3) held that the AmSouth account was a sur-vivorship account, and, therefore, was the property of the personal representative and not the estate; and (4) held that the deeds to the personal representative and the personal representative’s sister were valid, and, therefore, that the real estate was not property of the estate. The circuit court subsequently amended its judgment and denied the contestants’ request for attorney fees.
The contestants appealed to the supreme court, which transferred the ease to this court pursuant to Ala.Code 1975, § 12-2-7(6). We first address the issue whether the contestants filed a timely notice of appeal. The circuit court entered an order on December 15, 1998, which disposed of all the issues except the issue of attorney fees. On December 17, 1998, the circuit court denied the contestants’ request for attorney fees. The contestants did not learn of the December 17, 1998, judgment until February 17, 1999. The contestants, on February 22, 1999, filed a Rule 77(d), Ala. R. Civ. P., motion to extend the time to file a notice of appeal; the trial court granted that motion. The contestants filed their notice of appeal on February 25, 1999.
The original deadline for filing the notice of appeal would have been January 28, 1999, i.e., 42 days after December 17, 1998. Rule 77(d) allows the circuit court to extend the time to file the notice of appeal for an additional 30 days after the expiration of the 42-day period. An additional 30 days would take the appeal period to February 27, 1999. The contestants filed their notice of appeal on February 25, 1999.
The contestants argue that the circuit erred by: (1) holding that the Am-South account was the property of the personal representative; (2) holding that the deeds to the personal representative and to the personal representative’s sister were valid; (3) denying the contestants an award of attorney fees; and (4) entering a final settlement of the estate.
The appeal from the probate court to the circuit court in this case is governed by Ala.Code 1975, § 12-22-20.
“[Section 12-22-20] does not allow for a trial de novo in the circuit court; rath *11 er, the circuit court acts in an appellate capacity and may not substitute its judgment for that of the probate court. Martin v. Vreeland, 526 So.2d 24 (Ala.1988). Where the evidence is presented ore tenus, the probate court’s findings will not be disturbed on appeal unless they are plainly erroneous or manifestly unjust. Craig v. Perry, 565 So.2d 171 (Ala.1990).”
Sanders v. Brooks, 611 So.2d 386, 337-38 (Ala.1992).
The probate court made findings of fact as to each of the issues that were later presented on appeal to the circuit court and as to each of the issues presented on appeal to this court. The record on appeal does not include the transcript of the probate court’s hearing. We must assume that the probate court’s findings are supported by the evidence it had before it. See Pruitt v. Palm, 671 So.2d 105 (Ala.Civ.App.1995). We conclude that the circuit court erred by substituting its judgment for that of the probate court.
Therefore, the judgment of the circuit court is reversed, and the cause is remanded for the reinstatement of the judgment of the probate court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MONROE and THOMPSON, JJ., concur.
ROBERTSON, P.J., and YATES, J., concur in the result.