■ In the Matter of the Estate of JOSEPH W. COYLE, Deceased. FRANK W. McCABE et al., as Executors of JOSEPH W. COYLE, Deceased, Respondents; ANNA M. COYLE et al., Appellants.— SWEENEY, J. Appeal from orders of the Surrogate's Court of Albany County, entered April 24, 1969 and April 29, 1969, which dismissed certain of appellants' objections to a petition for accounting and struck their demand for a jury trial. Joseph W. Coyle died in 1963 and respondents were appointed executors of his estate. Prior to Coyle's death he had been adjudged an incompetent and a bank was appointed committee of his property. After his death the accounts of the committee were judicially settled by a decree of the Albany County Court. A major asset of the estate was property located in the City of Albany which is the subject of

this litigation. Appellants have filed some 29 objections to the executors' petition for a judicial settlement of their accounts. . Included in the objections is a demand for a jury trial pursuant to SCPA 502, which the Surrogate denied. He also dismissed all but two of the objections. Objections 3 and 6 set forth facts seeking to allege a conflict of interest, and were dismissed for legal insufficiency. Objections 20 and 21 complain of commissions and a counsel fee awarded upon the settlement of the accounts of the committee. They were dismissed on the ground that the County Court decree is binding and conclusive. It is appellants' contention that objections 3 and 6 are legally sufficient and should not have been summarily dismissed. Objection 3 pertains to the sale of the real property involved, and objection 6 to a lease of the same property. Objection 3 alleges that the executors were guilty of a conflict of interest for several reasons: that one of the respondents is president of the former committee bank; the other is on the board of directors of the same bank, and also the County Treasurer of Albany County; the Mayor of Albany is also a director of the bank; that both he and the County Treasurer are members of the same political party; that all three have a close relationship; that the Mayor negotiated with the executors for the purchase of said real property by the City of Albany from the estate; that the bank acted as agent and advisor to the executors concerning the management and sale of the real property; and that the property in question was sold to the City of Albany for $156,536, being allegedly worth over $600,000. Appellants maintain that these facts are sufficient to spell out a conflict of interest based upon a fiduciary relationship. With appellants' contention we agree. We are here concerned with the sufficiency of the objections, and the motion to strike is treated similar to a motion to dismiss. It is well settled that the facts alleged and those which may reasonably be inferred must be presumed as true as far as the motion to dismiss is concerned. (*Williams* v. *Williams,* 23 N Y 2d 592.) It is an equally well settled principle of law that a fiduciary is held to a strict standard of behavior. (*Meinhard* v. *Salmon,* 249 N. Y. 458.) It is not necessary to show that the fiduciary has been guilty of fraud, bad faith or received a personal benefit. (*Wendt* v. *Fischer,* 243 N. Y. 439.) It is sufficient to show that his personal interest *might be* in conflict with his duty as a fiduciary. (*Matter of People* [*Bond & Mtge. Guar. Co.*], 303 N. Y. 423; *City Bank Farmers Trust Co.* v. *Cannon,* 291 N. Y. 125.) Considering objections 3 and 6 in the light of these principles, we conclude that a conflict of interest is alleged and that the Surrogate erred in dismissing these objections. We do not reach the merits. Respondents contend that objections 20 and 21 were properly dismissed since all interested parties were before the court and consented to the County Court decree judicially settling the accounts of the committee. With this contention we also agree, since any relief requested in the present proceeding could have been obtained in the County Court proceeding. (*Matter of Baker,* 249 App. Div. 265; *Matter of Sullivan,* 289 N. Y. 323.) As to the last issue raised on this appeal we agree with the Surrogate that appellants are not entitled to a jury trial. Their claim is for a breach of fiduciary duty which is an action in equity, and there is no right to a trial by jury in such case under section 2 of article I of the Constitution. (Cf. *Matter of Garfield,* 14 N Y 2d 251, 258.) Order of April 24, 1969 modified, so as to reinstate objections 3 and 6 and, as so modified, affirmed, with costs payable out of the estate. Order of April 29, 1969 affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.