717 F.2d 1316
 Celeste C. GRYNBERG and Dean G. Smernoff as Co-Trustees For
the Stephen Mark Grynberg Trust, Plaintiffs-Appellants,
v.
James G. WATT, Secretary of the United States Department of
the Interior, et al., Defendants-Appellees.
 No. 81-1315.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 21, 1983.
 
 Philip G. Dufford and Phillip D. Barber, Welborn, Dufford, Cook & Brown, Denver, Colo., for plaintiffs-appellants.
 Carol E. Dinkins, Asst. Atty. Gen., Denver, Colo., Joseph F. Dolan, U.S. Atty., Richard A. Jost, Asst. U.S. Atty., Denver, Colo., Kathryn A. Oberly and Arthur E. Gowran, Attys., Dept. of Justice, Washington, D.C., for defendants-appellees.
 Before DOYLE, McKAY and SEYMOUR, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 In this appeal review and reversal is sought of a judgment of the United States District Court for Colorado, Opinion and Order in the consolidated cases of June Oil and Gas, Inc., et al. v. Andrus, et al., and Grynberg, et al. v. Andrus, 506 F.Supp. 1204 (D.Colo.1981). The cases have been separated for review. Both parties filed cross motions for summary judgment. The trial court denied plaintiff-appellants' motion and granted defendant's motion.
 
 FACTS
 
 3
 The salient facts are as follows: The Stephen Mark Grynberg Trust was established on August 1, 1969 by Jack Grynberg for his son Stephen Mark. Companion trusts were also established by the same instrument for Stephen's siblings Rachel Susan and Mariam Lela. These irrevocable discretionary support trusts are managed by co-trustees Dean G. Smernoff and Celeste C. Grynberg, the children's mother. In February, 1978, drawing entry cards were filed for parcel CO-167 by each of the three trusts, and by Jack Grynberg and Celeste Grynberg individually. There were 599 drawing entry cards filed in the lottery for parcel CO-167. The Stephen Mark Grynberg Trust received first priority on the parcel.
 
 
 4
 The Bureau of Land Management rejected all five offers as violative of the regulatory prohibition against multiple filings found at 43 C.F.R. 3112.5-2. Plaintiffs appealed to the Interior Board of Land Appeals which affirmed the bureau's rejection of the lease offers. Celeste C. Grynberg, Dean G. Smernoff, 44 I.B.L.A. 197, 203 (1979).
 
 
 5
 The district court affirmed the Interior Board of Land Appeals. Its conclusion was that the decision of the Interior Board of Land Appeals (IBLA) rejecting the five offers was neither arbitrary, capricious, abusive of discretion or otherwise not in accordance with the law. Appellants are Celeste C. Grynberg and Dean G. Smernoff as co-trustees for the Stephen Mark Grynberg Trust. No other party has appealed.
 
 The Rationale of the IBLA
 
 6
 The IBLA upheld the BLM's rejection of the offers of all parties. Its ruling was that where the parents and one of the children's trusts file simultaneous offers for the same parcel, the success of either of them would prove to be advantageous to the other. The reason for this was that the parent would be able to use trust assets for financial support of the children (albeit only in a financially disastrous situation). Thus, if the child's trust won a lease the parents would receive a direct benefit. Such would be in violation of Sec. 3112.5-2 prohibiting multiple filings.
 
 
 7
 A second reason for the IBLA's decision is that a filing by co-trustees individually and on behalf of the trust created a prohibited multiple filing in that the co-trustees would be breaching the fiduciary duty owed to the trusts by competing with the trusts for the lease. The IBLA reasoned that if the trustee were to win the lease it would have to hold it in trust for the beneficiary. According to the Board, the result is or would be an increased probability of success for the trust in violation of the multiple filing regulation.
 
 Appellants' Arguments
 
 8
 Appellants contend that a breach of a trustee's fiduciary duty exists only if the trustee substantially competes with the interest of the beneficiary. Since no showing of substantial competition was made by the BLM or the IBLA, appellants argue that it was error to find such a breach and reject the offers.
 
 
 9
 Appellants further maintain that the decisions below ignored express language in the trust. We refer to the provision which prohibits distribution from the trust to satisfy any legal obligations of the parents to the child, the trust beneficiary. Appellants argue that the parents can receive no benefit if their child's trust is awarded the lease. The opinions below erred in basing their rejection of lease offers on this ground, according to appellants.
 
 Application of the Law
 
 10
 This court in reversing an agency decision can set aside agency action found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. Sec. 706(2)(A) (1966); Sabin v. Butz, 515 F.2d 1061 (10th Cir.1975). This standard of review is a narrow one. Sabin. Thus, if the agency interpretation is of an administrative regulation, there must be showing of a high level of deference to that interpretation. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1969). We are required to determine whether there has been a clear error of judgment. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).
 
 
 11
 The IBLA and the district court both found that the filings in question violated the multiple filings prohibition of 43 C.F.R. 3112.5-2 (1978). This regulation states, in pertinent part:
 
 
 12
 When any person, association, corporation or other entity or business enterprise files an offer to lease for inclusion in a drawing, and an offer (or offers) to lease is filed for the same lands in the same drawing by any person or partly [sic] acting for, on behalf of, or in collusion with the other person, association, corporation, entity or business enterprise, under any agreement, scheme, or plan which would give either, or both, a greater probability of successfully obtaining a lease, or interest therein, in any public drawing, held pursuant to Sec. 3110.1-6(b), all offers filed by either party will be rejected.
 
 
 13
 The issue is, did the Stephen Mark Grynberg Trust, which received the lease in the drawing, gain an increased probability of success in the drawing in view of the presence in the pool of the co-trustees of the trust, or, conversely, did the trustees similarly gain an advantage due to the presence of the trust in the drawing? In the event of a determination of the truth of either of these statements, the offers of the trust and the trustees were properly terminated.
 
 
 14
 This circuit has had occasion to elaborate upon general trust principles and the duty owed to a trust by a trustee. In Wootten v. Wootten, 151 F.2d 147 (10th Cir.1945) this court stated at pages 149-150 (footnote omitted):
 
 
 15
 The standards of conduct for a trustee rise far above the ordinary morals of the market place. Not honesty alone, but a punctilio of honor the most sensitive is the standard of behavior required of a trustee. He must completely efface self-interest. His loyalty and devotion to his trust must be unstinted. Its well-being must always be his first consideration. These principles are inveterate and unbending.
 
 
 16
 Professor Scott in his treatise has elaborated upon these principles as follows:
 
 
 17
 The most fundamental duty owed by the trustee to the beneficiaries of the trust is the duty of loyalty. This duty is imposed upon the trustee not because of any provision in the terms of the trust but because of the relationship which arises from the creation of the trust. A trustee is in a fiduciary relation to the beneficiaries of the trust. * * * It is the duty of a trustee to administer the trust solely in the interest of the beneficiaries. He is not permitted to place himself in a position where it would be for his own benefit to violate his duty to the beneficiaries.
 
 
 18
 2 Scott on Trusts Sec. 170 pp. 1297-1298 (1967) (footnote omitted). In light of these statements, actions of appellants must be measured by very strict standards.
 
 
 19
 In our case the co-trustees, appellants herein, filed a D.E.C. on behalf of the Stephen Mark Grynberg Trust and also filed D.E.C.'s individually in the drawing for the same parcel. Thus, the trustees were competing with the trust. The Restatement (Second) of Trusts, Sec. 170(p) states that "[a] trustee violates his duty to the beneficiary if he enters into a substantial competition with the interest of the beneficiary" (emphasis added). Clearly the illustration provided by the Restatement and cases which cite and rely on this section demonstrate that this principle is designed to apply to situations where the trust carries on a business and the trustee enters into a competing business.[1] Competition is forbidden if it is "substantial." The quoted section of the Restatement is not the only controlling principle of law as appellants urge upon this court. Indeed, gauging by the illustration provided by the Restatement the "substantial competition" test is of questionable applicability to the case at bar. Rather, there are general principles regarding the fiduciary duty owed a trust which must be considered in deciding this case. According to these rules of law, discussed more fully below, Celeste Grynberg and Dean Smernoff as co-trustees of the Stephen Mark Grynberg Trust breached their fiduciary duty owed to the trust. Had either trustee won the lease, he or she would have held it in trust for the beneficiary, giving the trust three chances in the lottery in violation of Sec. 3112.5-2 concerning multiple filings.
 
 
 20
 A trustee owes "an undivided duty to his beneficiary, and cannot place himself in any other position which would subject him to conflicting duties, or expose him to the temptation of acting contrary to the best interests of his original cestui que trust." 3 Pomeroy's Equity Jurisprudence Sec. 1077.3 at 2473 (4th Ed.). A trustee must not place himself in a position in which his self interest will or may conflict with his duties as trustee. See, e.g., Fulton National Bank v. Tate, 363 F.2d 562, 571 (5th Cir.1966); Cleveland Clinic Foundation v. Humphreys, 97 F.2d 849, 856 (6th Cir.1938), cert. denied, 305 U.S. 628, 59 S.Ct. 93, 83 L.Ed. 403 (1938); In re Estate of Coyle, 34 A.D.2d 612, 308 N.Y.S.2d 899, 901 (3d Dep't 1970). Coyle, supra, points out that "[i]t is not necessary to show that the fiduciary has been guilty of fraud, bad faith or received a personal benefit. * * * It is sufficient to show that his personal interest might be in conflict with his duty as a fiduciary." 308 N.Y.S.2d at 901 (citations omitted, emphasis in original).
 
 
 21
 In our case both co-trustees violated this principle by filing a D.E.C. in the same contest as the trust which they were dutybound to administer. By filing D.E.C.'s the trustees created a situation in which self-interests would have created a risk of conflict with their duties as trustees. If one of the trustees had obtained a place ahead of the trust in the drawing, he or she would have been in a position of direct conflict with the trust; in essence it was usurping an opportunity from the trust. The trustee would be unable to take the lease without breaching his or her fiduciary duty to the trust. If the trust placed ahead of either trustee (for example, the trust placing first in the drawing and one of the trustees placing second or third), the trustee's personal interest might lead him or her to question the propriety of the trust's position in order to gain the lease for himself or herself. As the result of the sensitive duties mentioned, it is not necessary to show that the trustee actually questioned the trust's qualifications to gain the lease. If the result of the trustee being placed would be that he or she is in a position which would allow the trustee to act adversely to the interests of the beneficiary, he or she is then in violation of the duties owed to the trust.
 
 
 22
 The filing by the co-trustees individually breached their fiduciary duty to the trust. The lease would have been held for the trust if either trustee were awarded the lease. This gave the trust an increased probability of gaining a lease in violation of Sec. 3112.5-2 requiring the rejection of all offers involved. The trial court was correct in upholding the decision of the IBLA cancelling the offers.
 
 
 23
 The offers of the appellants and the trust were properly rejected on the breach of fiduciary ground: it is unnecessary for the court to discuss the propriety of the IBLA's decision concerning the parent (as such and not as trustee) and minor child's trust filing in the same drawing and whether this violated the multiple filing regulation. We need not reach this issue.
 
 
 24
 The judgment is affirmed.
 
 
 
 [1]
 The illustration is as follows:
 
 
 [6]
 A bequeaths his business as yacht broker to B in trust for C and directs him to carry on the business. This business is a highly competitive one. B establishes nearby a business as yacht broker on his own account. B commits a breach of trust in so doing and can be enjoined from carrying on the competing business