OPINION OF THE COURT
Ernest L. Signorelli, S.
In this executor’s accounting proceeding, the attorney fidu *189 ciary requests nunc pro tunc approval of the payment that he made to himself of a fee for legal services rendered on behalf of the decedent’s estate without prior judicial authorization. Additionally, he seeks approval of his disbursements.
Jurisdiction has been obtained over the necessary parties to this proceeding, and they have all executed waivers of service of process and consented to the granting of the relief requested.
In the case at bar, the decedent’s spouse is the primary beneficiary under his will and his children, grandchildren, son-in-law and a friend are general legatees thereunder. The estate, which is not complicated in nature, is valued at approximately $170,000 consisting of bank accounts and the interest earned thereon. In view of the foregoing, there would appear to be no reason for the nomination of the attorney draftsman as the executor of this estate.
The court has examined the affirmation submitted by the attorney and observes, at the outset, that the fee which he requests is based upon 49 hours of time expended, at the rate of $150 per hour. Nevertheless, while the time spent is the logical starting point in analyzing an application for counsel fees (Matter of Chandler, NYLJ, Mar. 29, 1978, at 16, col 3 [Sur Ct, Nassau County]), it is the least important part of the calculus in assessing the reasonableness of the sum requested. (Matter of Kentana, 170 Misc 663.) Indeed, in the court’s opinion, more significant to its determination in this regard are such factors as the difficulties involved in the matter, the nature of the services rendered, the amount involved, the professional standing of counsel and the results obtained (Matter of Freeman, 34 NY2d 1; Matter of Potts, 123 Misc 346, affd 213 App Div 59, affd 241 NY 593).
A review of the services rendered by counsel indicate that the work performed was routine, to wit, probate of the decedent’s will on waivers and consents, preparation and filing of a New York State estate tax return (TT102) and gift tax returns, preparation and filing of a fiduciary report and amended fiduciary report, and the instant accounting proceeding on waivers and consents. Parenthetically, the court questions the need for a formal accounting because all persons interested in this estate are adult and competent and have signed waivers and consents. Additionally, the court notes that a good deal of the services involved telephone calls to various people with no indication as to the substance and purpose of the telephonic communications.
*190 Moreover, the court finds it relevant that an accountant was employed and paid $600 to perform services which are customarily the responsibility of counsel, to wit, the preparation and filing of the fiduciary income tax returns for this estate. (Will of Strauss, NYLJ, Apr. 28, 1986, at 16, col 2 [Sur Ct, Westchester County].) Ironically, counsel’s affirmation reveals that he does not have the experience to prepare such returns.
Additionally, the court cannot overlook the fact that counsel is receiving a full commission, amounting to $7,821.26, for his services as fiduciary of the estate. When an attorney receives a commission as well as a legal fee, the court is obligated to consider the former when fixing the latter. (In re Estate of Orza, NYLJ, Sept. 18, 1981, at 6, col 5 [Sur Ct, NY County]; Matter of Cueff, Sur Ct, Suffolk County, file No. 1028 P 1982.)
Accordingly, the court fixes and determines the value of the attorney fiduciary’s services, inclusive of those to be rendered in connection with the submission of the decree herein and distribution thereunder, to be in the reduced sum of $1,500. Petitioner is directed to refund to the estate the sum of $5,862 and submit evidence of repayment of same to the Chief Clerk of the court within 10 days of the date hereof. Disbursements are allowed in the full amount requested.
Finally, the court cannot condone and must admonish counsel for his failure to comply with SCPA 2111 in that he, as a sole fiduciary, paid himself compensation in advance for legal services rendered without obtaining prior court approval. Even though those who benefit from this estate executed instruments wherein they consented to the unauthorized advance payment of legal fees, the court cannot ignore the violation of the aforesaid statute by a member of the Bar. Accordingly, the attorney fiduciary is surcharged interest on the unauthorized advance payment of legal fees at the rate of 9% per annum (CPLR 5004) from the date of payment to the date of the refund directed herein.
The problem posed in the case at bar, i.e., the nomination of an attorney as a fiduciary, unfortunately is not an isolated incident, and the court is constrained to address the practice of nominating attorneys, in a will or codicil, to serve in the capacity of an executor and/or trustee. The Bar is well aware of the fact that this practice has drawn considerable scrutiny and criticism from the Bench over the past several years. Nevertheless, the practice is increasing instead of decreasing. Although the courts recognize that there are instances in *191 which the nomination of an attorney as a fiduciary is warranted, in most cases the need does not exist to have a fiduciary who possesses the skills of an attorney. An executor or trustee has the authority to retain legal counsel. Indeed, the attorney fiduciary usually retains himself or his law firm as counsel and charges the estate or trust a fee for the legal services rendered in addition to the fiduciary commissions that he receives.
Because the practice has become more prevalent, the court is bringing to the attention of the Bar the enactment of an in-house rule relating to an attorney fiduciary. The rule reads as follows:
"In all probate proceedings, where the purported, will and/ or codicil of the deceased nominates an attorney as a fiduciary or co-fiduciary, there shall be annexed to the probate petition an affidavit of the testator setting forth the following:
"1) that the testator was advised that the nominated attorney may be entitled to a legal fee, as well as to the fiduciary commissions authorized by statute; •
"2) where the attorney is nominated to serve as a co-fiduciary, that the testator was apprised of the fact that multiple commissions may be due and payable out of the funds of the estate; and
"3) the testator’s reasons for nominating the attorney to serve as fiduciary.
"Failure to submit an affidavit of this nature shall result in the denial of letters to the attorney.
"This rule shall be effective for all wills and codicils executed after September 1, 1988.”
This rule is in keeping with Code of Professional Responsibility EC 5-6 which provides as follows: “A lawyer should not consciously influence a client to name him as executor, trustee, or lawyer in an instrument. In those cases where a client wishes to name his lawyer as such, care should be taken by the lawyer to avoid even the appearance of impropriety.”