■ In the Matter of the Estate of PAULINE KINZLER, Deceased. BERTRAM ZWEIBON, Appellant; BEATRICE HORNSTEIN et al., Respondents. [600 NYS2d 126] —In a proceeding for the judicial settlement of the account of the executor of a decedent's estate, the executor appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated March 4, 1991, which, inter alia, (1) awarded the objectants' attorney $7,000 as and for legal fees, payable by the estate, (2) held that the sale of

the decedent's residence to one of the beneficiaries, who was also a testamentary trustee under the will, was tainted with a conflict of interest and self-dealing, (3) held the payment by the executor to himself of advance legal fees, without prior court order, to be improper and ordered him to refund $11,595.15, plus interest in the amount of $16,398.68, for a total of $27,993.83, and (4) fixed the legal fees of the executor in amounts less than requested.

Ordered that the decree is affirmed insofar as appealed from, without costs or disbursements.

The decedent Pauline Kinzler died on February 26, 1986. She was survived by three daughters: Gloria Zweibon, Louise Kinzler, and the respondent Beatrice Hornstein. Her will was drafted by her son-in-law, Bertram Zweibon, the appellant herein, whom she also nominated as the executor.

The will divided her estate into three parts, to be distributed one-third outright to Louise Kinzler, one-third outright to Gloria Zweibon, and one-third in trust for the benefit of Beatrice Hornstein, as the income beneficiary, and the remainder to Hornsteins' children, Jay, Joseph and Eric. Louise Kinzler and Gloria Zweibon were appointed cotrustees of the testamentary trust by the will.

In October 1987 Beatrice Hornstein and two of her children, Joseph and Eric, brought the instant proceeding. Bertram Zweibon, the executor, opposed the petition on various grounds. However, the Surrogate directed the executor to submit an account.

After the executor submitted the account and filed a petition for final judicial settlement thereof, the respondents filed various objections to the account. The executor appeals from portions of the final decree which: (a) held that his sale of the decedent's residence to Louise Kinzler was tainted by conflict of interest and self-dealing, (b) directed him to refund $27,993.83 to the estate in legal fees he advanced to himself without prior court order, (c) fixed the respondents' attorneys' fees at $7,000, to be paid by the estate, and (d) fixed the appellant's attorneys' fees at less than requested. We affirm the decree insofar as appealed from.

"The general rule is that, where legal services have been rendered for the benefit of the estate as a whole, resulting in the enlargement of all the shares of all the estate beneficiaries, reasonable compensation should be granted from the funds of the estate" (*Matter of Burns,* 126 AD2d 809, 812; *see also,* SCPA 2110). However, in such case, the services rendered

must be substantial, and must be directed toward a bona fide issue, and may not be merely nominal in overcoming an obvious erroneous claim by the fiduciary *(see, Matter of Bellinger,* 55 AD2d 448, 451; *Matter of Lounsberry,* 226 App Div 291; *Matter of Graves,* 197 Misc 638).

At bar, the efforts of the respondents' attorney resulted in a directive that the attorney-fiduciary refund over $11,000 to the estate, plus interest in the amount of over $16,000, for a total of almost $28,000. Thus, clearly the distributive shares of all the beneficiaries of the estate were substantially enlarged by the efforts of the respondents' attorney. The test for awarding legal fees payable by the estate was, therefore, satisfied. Consequently, neither the directive that the estate pay the respondents' attorneys' fees, nor the amount awarded, was unreasonable.

The Surrogate's finding that the sale of the decedent's house to Louise Kinzler was tainted by conflict of interest and self-dealing is also supported by the record. The executor sold an asset of the estate, in which the testamentary trust had a one-third interest, to a cotrustee. Thus, the self-dealing is the purchase by the testamentary cotrustee of an asset in which the trust had a one-third interest. A person "standing in the relation of a fiduciary capacity, cannot deal with or purchase the property, in reference to which he holds that relation" *(Forbes v Halsey,* 26 NY 53, 65; *see also, Matter of Fulton,* 253 App Div 494; *Matter of Segal,* 170 Misc 673).

Moreover, the executor was aware of the hostility between the daughters. Yet, his administration of the estate was clearly marked by a lack of impartiality. Up until the commencement of the litigation, he refused to pay income to the respondent Beatrice Hornstein, claiming that income was needed to pay estate taxes.

Moreover, upon the sale of the decedent's house, the appellant made a cash distribution of approximately $50,000 (1/3 of the purchase price) to his wife, and only assigned the purchase money mortgage for the property to the trust. "An executor must at all times discharge his fiduciary duties so that all legatees are treated in like manner and without prejudice or discrimination" *(Matter of Muller,* 24 NY2d 336, 341). Here, it is evident that the executor failed this test.

The executor also violated SCPA 2111 when he paid himself compensation in advance for legal services rendered, without obtaining prior court approval. "[T]he court cannot condone and must admonish counsel for his failure to comply with

SCPA 2111 in that he, as a sole fiduciary, paid himself compensation in advance for legal services rendered without obtaining prior court approval. Even though those who benefit from this estate * * * [might have] consented to the unauthorized advance payment of legal fees, the court cannot ignore the violation of the aforesaid statute by a member of the Bar" *(Matter of Gillett,* 139 Misc 2d 188, 190). Accordingly, the Surrogate properly surcharged interest on the unauthorized advance payment of the appellant's legal fees. Nor did the court improvidently exercise its discretion in fixing the legal fees at $10,000. SCPA 2110 states that it is ultimately the court's responsibility to decide what constitutes reasonable compensation *(see also, Matter of Freeman,* 40 AD2d 397, *affd* 34 NY2d 1; *Matter of Brehm,* 37 AD2d 95). In determining what constitutes just and reasonable compensation for an attorney's services, the court should "consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" *(Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593). The court may also consider whether the attorney was also the executor entitled to commissions *(see, Matter of Moore,* 139 Misc 2d 26).

At bar, the court considered all these factors. It also concluded that the quality of services rendered by the appellant was "considerably less than satisfactory". In view of the court's observations, as well as the fact that the appellant also received commissions in the amount of $21,791.02, the court did not improvidently exercise its discretion in limiting his entire legal fees, including services rendered in connection with the accounting proceeding, to $10,000.

We have considered the appellant's remaining contentions and find them to be meritless. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.