*1038 OPINION OF THE COURT
Eugene E. Peckham, J.
This is an accounting in a Mental Hygiene Law article 81 guardianship proceeding filed by Mel S., as guardian of her mother, Jane S. A jury trial has been requested by the guardian. The question of whether or not a jury trial is allowed in a contested article 81 guardianship accounting is one of first impression.
Ms. S. was appointed conservator of the property of her mother in Virginia. She then moved to New York and brought her mother to a nursing home in New York. After moving to New York she applied pursuant to article 81 of the Mental Hygiene Law for guardianship of the person and property of her mother in New York. At the hearing it developed that the conservatorship accounting in Virginia had been rejected for irregularities. Thus the court at the hearing in an oral decision on the record appointed Ms. S. guardian of her mother, subject to the filing of a complete account of her activities as conservator in Virginia and guardian in New York. The Commissioner of Accounts in Virginia relinquished jurisdiction to New York (exhibit E to objections to motion for summary judgment). A judgment was never signed because the accounting, when filed, showed Ms. S. had loaned herself money from her mother’s funds for renovations to her personal residence and purchase of a new van. The loans were made without interest and without any type of court authorization either in Virginia or New York.
The loan by the fiduciary of the funds of her mother’s estate to herself is an act of self-dealing and thus a breach of fiduciary duty. (EPTL 11-1.6.) The fiduciary has a duty of undivided loyalty. “Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.” (Meinhard v Salmon, 249 NY 458, 464 [1928, Cardozo, Ch. J.]; Parker v Rogerson, 33 AD2d 284 [4th Dept 1970]; Matter of Kinzler, 195 AD2d 464 [2d Dept 1993].)
Subsequently, on November 28, 2005, Dolores Fogarty, Esq. was appointed guardian of the property of Jane S. Ms. S. delivered to her a check in the amount of $60,000 “as repayment of loans made to Mel S. out of Jane S.’ account.” The findings further state, “The payment of said $60,000 by Mel S. shall not be deemed a release of any claims that might exist on behalf of Jane S. against her daughter . . . nor shall it be conclusive that such payment is the correct amount for the repayment of *1039 any such loans.” (Findings at 7-8.) Thus the pending trial on the objections to the account of Ms. S. as guardian of her mother involves the question of whether the correct amount of money has been repaid by the guardian for her self-dealing and whether the guardian should be surcharged.
Article 81 of the Mental Hygiene Law permits a jury trial only where the alleged incapacitated person contests the appointment of a guardian. (Mental Hygiene Law § 81.11 [f].) There is no provision for a jury trial in regard to the reports and accounts required to be filed by the guardian. (Mental Hygiene Law §§ 81.31-81.34.)
The general rule is that there is no right to a jury trial where the objections to an account involve breach of the fiduciary duty of loyalty, that is an act of self-dealing.
“When ... an issue involves the fiduciary relationship or obligation between a fiduciary and beneficiary of an estate equitable principles do usually govern. Most if not all objections to the account would fall into this category. Thus it is not because ... an accounting proceeding is per se one of an ‘equitable nature’ but because a fiduciary obligation is involved in the dispute between the parties, that the proceeding is cognizable in equity.” (Matter of Luria, 63 Misc 2d 675, 682 [Sur Ct, Kings County 1970]; accord, Matter of Coyle, 34 AD2d 612 [3d Dept 1970]; Matter of Rappoport, 150 AD2d 779 [2d Dept 1989]; Matter of Petrocelli, 307 AD2d 358 [2d Dept 2003].)
Where the objections “are directed at the administration, management and business judgment” of the fiduciary, the claims are for equitable relief and there is no right to a jury trial. (Matter of Nelson, 105 Misc 2d 747, 752 [Sur Ct, Westchester County 1980].)
The objections in this guardianship accounting proceeding essentially allege that the guardian breached her fiduciary duty by using assets of the guardianship estate for her own personal advantage, namely, renovations to real property owned by her and purchase of a van. That is a breach of fiduciary duty.
“[F]or when the trustee has a selfish interest which may be served, the law does not stop to inquire whether the trustee’s action or failure to act has been unfairly influenced. It stops the inquiry when the relation is disclosed and sets aside the transaction or refuses to enforce it, and in a proper case, *1040 surcharges the trustee as for an unauthorized investment.” (City Bank Farmers Trust Co. v Cannon, 291 NY 125, 132 [1943]; accord Matter of Rothko, 43 NY2d 305 [1977].)
True, the cases cited above involve executors and administrators, but there is no difference between the fiduciary duty of an executor or administrator and those of a guardian. They are all fiduciaries. (SCPA 103 [21].) There is no logical reason why a guardian’s accounting involving breach of the duty of loyalty should be any different than an accounting by any other type of fiduciary. Long-established usage is that there is no right to a jury trial in an accounting proceeding by an executor or administrator where the action involves breach of a fiduciary duty or self-dealing. There is nothing in Mental Hygiene Law article 81 that changes this rule or grants a right to a jury trial in an accounting proceeding by an article 81 guardian.
The guardian in support of her request for a jury trial cites article I, § 2 of the New York Constitution, which guarantees trial by jury “in all cases in which it has heretofore been guaranteed.” As the cases above demonstrate, it has consistently been held there is no right to a jury trial in an accounting proceeding where the issue involves breach of fiduciary duty. (Matter of Coyle, supra; Matter of Luria, supra; Matter of Nelson, supra.) Also cited by the guardian is a federal case, Camrex (Holdings) Ltd. v Camrex Reliance Paint Co., Inc. (90 FED 313 [1981]), involving rights to a jury trial in an admiralty case, which is inapplicable here. Insofar as the guardian attempts to argue that part of the objections seek money damages, the Second Department has held there is no right to a jury trial where money damages are sought from a trustee for breach of trust. (Magill v Dutchess Bank & Trust Co., 150 AD2d 531 [2d Dept 1989].) The same applies when damages are sought from a guardian for breach of fiduciary duty.
It is held that there is no right to a jury trial in this article 81 guardianship accounting proceeding. The demand for a jury trial is stricken and dismissed. The trial scheduled for May 7, 2007 shall proceed as a nonjury trial.